■ In the Matter of WILLIAM M. STEWART et al., Respondents, v. THEODORE W. PARKER, as Commissioner of the Department of Transportation of the State of New York, et al., Appellants.— Appeal by permission from orders of the Supreme Court, entered May 6, 1971 and February 1, 1972, respectively, in Albany County, in a proceeding pursuant to CPLR article 78 which (1) directed petitioners' reinstatement pending determination of the proceeding and (2) transferred the proceeding to a Trial Term. Petitioners were employed by the New York State Civil Defense Commission. The Legislature, by chapter 73 of the Laws of 1971, effective April 1, 1971, transferred the duties, powers and functions of said commission to other State agencies. Petitioners were notified that their services would be no longer needed after April 26, 1971. Appellants represent the State agencies responsible for implementing the policy set forth in chapter 73 of the Laws of 1971. Shortly after April 1, 1971, appellants began implementation of chapter 73 and the applicable provisions of the Civil Service Law. The functions of the commission were transferred to various other agencies and some personnel were transferred. The petitioners began this proceeding to vacate and annul the transfer of functions of the commission and, after oral argument, Special Term, by intermediate order dated May 6, 1971, directed the petitioners reinstated, pending final determination. The appellants' first appeal was dismissed by this court for noncompliance with CPLR 5701 (subd. [c]). Appellants' second appeal attempt failed when Special Term on November 8, 1971 ruled "This court has no authority to grant an extention of time within which to appeal". A third attempt to appeal was successful when a Justice of this court granted leave to appeal. Petitioners contend that the appellants failed to comply with the CPLR and that this court is without jurisdiction to enlarge the time to appeal which petitioners maintain has expired and that the order of Mr. Justice Kane dated April 19, 1972 should be vacated. With this we disagree. A timely appeal was taken from the order of May 6, even though the same was not appealable as a matter of right. However, once this court dismissed that appeal, the dismissal date becomes the starting point for computing the 30-day period, unless the court otherwise orders (CPLR 5513, 5514; see 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5514.01). The order of dismissal was dated October 27, 1971 and served upon the appellants on October 29, 1971, so the notice of motion returnable on November 8th was well within the statutory time requirement and petitioners' claim of no jurisdiction is in error. Concerning Special Term's transfer of the proceeding to Trial Term for determination of triable issues of fact pursuant to CPLR 7804 (subd. [h]) by order dated February 1, 1972, appellants urge that the petitioners' allegations are conclusory and that consequently no issues of fact are raised. Petitioners urge that there are questions of fact and that the transfer was proper. Sections 61, 80, 81 and 85 of the Civil Service Law provide for certain procedures to be followed when positions are abolished or eliminated. The petition contained, among others, allegations that appellants have failed to establish eligibility lists with regard to seniority; that outside consultants and contractors were carrying out some of the duties of former Civil Defense Commission employees and that out-of-title work was being performed. In each case the appellants, by answer, have denied these allegations. Hence, we do have issues of fact and Special Term was quite correct in transferring the triable issues to the Trial Term of Supreme Court. The final issue is concerned with whether Special Term's direction that the petitioners be reinstated, pending a determination, was proper. The petitioners allege that the order was properly issued as an incident to an article 78 proceeding, while the appellants contend that

the reinstatement order was in the nature of a preliminary injunction under CPLR 6301 and that since there was no demonstrable, irreparable damage, Special Term erred in granting the order of reinstatement. Whether it was an order incident to the article 78 proceeding or a preliminary injunction under CPLR 6301, makes little difference and the question is academic because a showing of irreparable damage must be shown for either a stay or a preliminary injunction (CPLR 6301, 7805; *Matter of Albany Med. Center Hosp.* v. *Breslin,* 47 Misc 2d 40). There appears to be no allegation of irreparable damage. However, it is obvious that the loss of one's employment is a serious matter and most likely to cause severe hardship. This situation is distinguishable, however, from irreparable damage, and loss of employment has been held not to constitute irreparable damage. (*Cohen* v. *Department of Social Servs. of State of N. Y.,* 37 A D 2d 626, affd. 30 N Y 2d 571.) There being no allegation of irreparable harm, and lost employment not constituting irreparable damage, it appears that Special Term erred in directing the reinstatement of the petitioners. Order entered May 6, 1971 reversed, on the law and the facts, and motion denied, without costs; order entered February 1, 1972 affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney and Main, JJ., concur.