■ In the Matter of THEODORE W. MAURER, as City Manager of the City of Newburgh, Respondent, v. HUMBERT M. CAPPELLI, Appellant.— In a proceeding pursuant to article 78 of the CPLR by Humbert M. Cappelli to compel reinstatement to his position of Chief of Police of the City of Newburgh, the appeal is from an order of the Supreme Court, Orange County, dated April 6, 1972, which denied the application " at the present time." Order reversed,

on the law, with $20 costs and disbursements, and (1) application granted to the extent of directing respondent to pay appellant (a) his salary beginning as of 30 days after commencement of his suspension and continuing until (i) final determination of the administrative charges against him, under which a hearing had been noticed, pursuant to section 75 of the Civil Service Law, or (ii) vacation of petitioner's office pursuant to section 30 (subd. 1, par. e) of the Public Officers Law, (b) less any amounts petitioner may have earned during that period, and (2) proceeding remanded to Special Term for a hearing and determination on said issues and thereafter the making of an appropriate order. Subdivision 3 of section 75 of the Civil Service Law provides: "Suspension pending determination of charges; penalties. Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days. If such officer or employee is found guilty of the charges, the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service; provided, however, that the time during which an officer or employee is suspended without pay may be considered as part of the penalty. If he is acquitted, he shall be restored to his position with full pay for the period of suspension less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such period." The clear import of that provision is to compel a governing body which prefers charges against a civil servant to move the hearing of the charges expeditiously, with the result that if the hearing not be held within 30 days after the charges are preferred the employee is then to begin to receive his salary until the final determination of the charges against him, even if he not be then reinstated to his position (cf. *Matter of Prezio* v. *De Santis*, 38 A D 2d 772; *Matter of Gould* v. *Looney*, 34 A D 2d 807; *Matter of Amkraut* v. *Hults*, 21 A D 2d 260, 263, affd. 15 N Y 2d 627). Respondent contends that appellant is not entitled to receive his back salary until the charges against him are determined. That would be tantamount to giving the government the power to starve the employee while it dallied in the prosecution of the charges. In our view that is exactly the mischief that the 30-day limitation of the statute sought to avoid. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.