■ In the Matter of WILLIAM T. BROCKMAN, Respondent, v CARL J. DORDELMAN, as Chief of the Village of East Hampton Police Department, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel appellants to remit back pay, etc., to petitioner for the period of his suspension, which, pending the hearing of formal charges against him, exceeded the statutory period of 30 days (see Civil Service Law, § 75, subd 3), the appeal is from a judgment of the Supreme Court, Suffolk County, entered August 28, 1974, which granted the application. Judgment reversed, on the law, without costs, and proceeding dismissed on the merits. Since the delay in holding the hearing which eventually resulted in petitioner's discharge was due exclusively to his conduct in procuring repeated stays in his attempt to permanently enjoin the hearing, he is in no position to invoke the statutory limit *(Matter of Bentley v Henninger,* 10 AD2d 900; cf. *Matter of Amkraut v Hults,* 21 AD2d 260). Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ In the Matter of DAVID DAVIS et al., Appellants, v ARTHUR RICHARDSON et al., Respondents.—Judgment of the Supreme Court, Westchester County, entered September 27, 1974, affirmed, without costs (see *Matter of State of New York v King,* 36 NY2d 59; *Matter of Nigrone v Murtagh,* 36 NY2d 664). Rabin, Acting P. J., Latham, Cohalan, Brennan and Shapiro, JJ., concur.

■ In the Matter of UNIVERSITY FOREST CORP., Appellant, v FRED A. MEHLING, as Building and Zoning Inspector of the Town of Tuxedo, et al., Respondents.—Judgment of the Supreme Court, Orange County, dated September 9, 1974, affirmed, with $20 costs and disbursements. Appellant's land is subject to the special use exception requirements of the B-2 zone. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Shapiro, JJ., concur.