CHARLES P. HACKETT, Respondent-Appellant, v STATE OF NEW YORK et al., Appellants-Respondents.

Third Department, December 11, 1975

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for appellants-respondents.

*Rhodes & Levinger (Donald A. Levinger* of counsel), for respondent-appellant.

MAIN, J. Plaintiff is an employee within the competitive class of the Civil Service at the Elmira Correctional and Reception Center, and his union and recognized bargaining agent with his employer, the State of New York, is Security Unit Employees Council 82, American Federation of State, County and Municipal Employees, A. F. L.-C. I. O. On October 25, 1974, pursuant to the collective bargaining agreement negotiated between his union and the State, plaintiff received a "Notice of Suspension" without pay and, accordingly, filed a "Disciplinary Grievance Form" requesting, *inter alia,* a withdrawal of the "Notice of Suspension" and his restoration to duty with back pay. Under the terms of the bargaining agreement, he would ordinarily have been entitled to a meeting with his employer on this matter by November 26, 14 calendar days after the employer's receipt of the "Disciplinary Grievance Form" on November 12, and to a decision within five days thereafter. In this instance, however, the executive director of plaintiff's union and the Department of Correctional Services apparently agreed to schedule the meeting for December 10 with a decision then being due by December 15. As noted by Special Term, this December 10 meeting was

canceled with no valid reason being given therefor, and, at the time of the order and judgment now on appeal, no decision had been made in response to plaintiff's "Disciplinary Grievance Form".

In any event, no meeting having been held within the time prescribed in the bargaining agreement, plaintiff commenced the present action early in December, 1974, seeking a declaration that he could elect to have the disciplinary action determined pursuant to sections 75 and 76 of the Civil Service Law rather than article 8 of the collective bargaining agreement, a direction that such a determination be promptly made and a direction that he be immediately restored to the payroll effective November 25, 1974. Special Term denied all this requested relief other than to order plaintiff's restoration to the payroll, effective December 15, 1974, pending further disciplinary proceedings.

On this appeal, we consider initially plaintiff's contention that he should be entitled to have his disciplinary proceedings undertaken pursuant to sections 75 and 76 of the Civil Service Law because the disciplinary procedures set forth in article 8 of the bargaining agreement are in violation of the constitutional guarantees of due process and equal protection. While conceding that article 8 is silent with regard to certain rights guaranteed by subdivision 2 of section 75 of the Civil Service Law, such as the employee's right to be represented by counsel and to call witnesses in his own behalf, we agree with Special Term that it must be presumed that these basic rights will be accorded plaintiff and that it would have been premature for the court to hold that the questioned article was violative of plaintiff's constitutional rights when no disciplinary proceedings had as yet been conducted.

As to the restoration of plaintiff to the State payroll, we again are in agreement with Special Term. Although it is generally true, as argued by defendants, that the loss of employment will not constitute irreparable harm so as to invoke injunctive relief where, as here, plaintiff will be entitled to reinstatement with back pay should he prevail (*Matter of Stewart v Parker,* 41 AD2d 785; *Cohen v Department of Social Servs. of State of N Y,* 37 AD2d 626, affd 30 NY2d 571), we believe that reinstatement was justified in this case because of the inordinate and unexplained delay in conducting the disciplinary proceedings (cf. *Matter of Maurer v Cappelli,* 42 AD2d 758). Moreover, we likewise agree with the effective

date of plaintiff's court-ordered reinstatement. Under the terms of the bargaining agreement, plaintiff would ordinarily have been entitled to a meeting with his employer by November 26, 1974 and to a decision on the matter within five days thereafter. In this instance, however, the record indicates that the executive secretary of Council 82, as plaintiff's agent, agreed to schedule the meeting on December 10, 1974, thus making a decision due by December 15, 1974, the effective date of the reinstatement.

Finally, we reject defendants' argument that, since plaintiff has returned to duty as a correction officer pursuant to the decision of an arbitrator handed down on June 17, 1975, this appeal has been rendered academic. Our decision is made without reference to the alleged arbitrator's decision, which is not included in the record on appeal and the contents of which are disputed by the parties herein.

The order and judgment should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, KOREMAN and REYNOLDS, J J., concur.

Order and judgment affirmed, without costs.