■  In the Matter of RICHARD L. GOLDBERG et al., Appellants, v BOARD OF ASSESSMENT REVIEW FOR THE CITY OF WHITE PLAINS, Respondent.—In a proceeding pursuant to article 7 of the Real Property Tax Law, petitioners appeal from an order of the Supreme Court, Westchester County, dated April 29, 1975, which denied their motion to compel the respondent to file an answer. Order reversed, with $50 costs and disbursements, and motion granted. The respondent board is directed to serve its answer within 20 days after the date of entry of the order to be made hereon. We believe that the use of the word "shall" in section 712 of the Real Property Tax Law, as contrasted with the use of the word "may" in section 714, when read together with the legislative history of these sections, denotes an intention to compel the respondent in a proceeding brought to review a tax assessment in a city having a population of less than one million to serve an answer (see *Matter of Dopfel v Breslin,* 18 AD2d 1098). Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.

■  In the Matter of RICHARD KOEGAN, Appellant, v· DAVID YUNICH, Respondent.—In a proceeding pursuant to CPLR article 78 *inter alia* to review respondent's determination, dated April 22, 1974 and made after a hearing, which dismissed petitioner from his position as a railroad clerk, petitioner appeals from a judgment of the Supreme Court, Kings County, dated March 14, 1975, which dismissed the petition. Judgment reversed, on the law, with costs, determination annulled, and respondent is directed to pay petitioner his salary for the period commencing 30 days after the date of his suspension and ending on the date of his retirement, March 24, 1974. Respondent, with full knowledge of the circumstances, having *permitted* petitioner to retire, was thereafter without jurisdiction to dismiss him (cf. *Matter of Pierne v Valentine,* 291 NY 333). Moreover, since petitioner was not afforded a timely disciplinary hearing, he is entitled to back pay for that period of his suspension which was in excess of 30 days (see Civil Service Law, § 75, subd 3; *Matter of Maurer v Cappelli,* 42 AD2d 758, ·759). Given petitioner's retirement, we are without the authority to order his reinstatement. Petitioner's breach of contract claim is simply not reviewable by way of an article 78 proceeding (see *Matter of Corbeau Constr. Corp. v Board of Educ., Union Free School Dist. No. 9, Town of Greenburgh,* 32 AD2d 958). In any event, the claimed breach, i.e., respondent's dismissal of petitioner, has been cured by our determination herein. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■  In the Matter of MAUREEN K. (Anonymous), Respondent, v KINGSLEY P. (Anonymous), Appellant.—In a paternity proceeding, the appeal is from an order of the Family Court, Dutchess County, dated February 14, 1972, which adjudged appellant the father of the child. Order reversed, on the law and the facts, without costs or disbursements, and petition dismissed. Paternity was not established by evidence which was clear, convincing or entirely satisfactory. Petitioner admitted that she was uncertain of the identity of the father of the child until after the child was born. Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.