■ In the Matter of WASHINGTON HEIGHTS FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Appellants, v TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.—In consolidated proceedings to review assessments of certain real property for the tax years 1971/72 through 1973/74, petitioners appeal from a final order of the Supreme Court, Kings County, dated January 30, 1974, which, *inter alia,* reduced the assessments, but allegedly in insufficient amounts. Final order affirmed, with costs. Special Term's determination as to the value of the subject property for the tax years in question is supported by the record on this appeal. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Hawkins, JJ., concur.

■ In the Matter of THOMAS A. WAWRZONEK, Petitioner, v LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.— Proceeding pursuant to CPLR article 78 to review respondent's determination, which, after a hearing, found petitioner guilty of certain specifications and fined him a total of 40 days' pay. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. In our view there is substantial evidence to support the specified charges against petitioner. Moreover, we find that the punishment imposed was not " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (see *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222, 233). Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ In the Matter of CANDIDO YEAMPIERRE, Respondent, v DANIEL GUTMAN, as Hearing Referee for New York City Transit Authority, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel petitioner's reinstatement to his position with the New York City Transit Authority, with back pay from December 2, 1974, the date of his suspension, the appeal is from a judgment of the Supreme Court, Kings County, dated April 10, 1975, which (1) directed that petitioner be paid his regular salary as of January 2, 1975 and (2) ordered that salary payments continue until the pending disciplinary proceeding is concluded or until petitioner is reinstated. Judgment modified by adding thereto a provision that the payments to petitioner are to be reduced by the amount of compensation which he may have earned in other employment or occupation during the period of his suspension. As so modified, judgment affirmed, without costs or disbursements, and proceeding remanded to Special Term for further proceedings in accordance herewith. On November 4, 1974 petitioner was arrested and charged with the crime of criminal sale of a controlled substance in the first degree. He was subsequently suspended, without pay, effective December 2, 1974; a departmental hearing was scheduled for December 13, 1974. That hearing was subsequently adjourned (at petition-

er's request) to December 18, 1974 and was thereafter adjourned unilaterally by the authority, upon the request of the District Attorney of Bronx County that the departmental trial await the conclusion of the criminal proceeding. We note that both the disciplinary proceeding and the criminal charges are still pending and that petitioner has not received his salary since the date of his suspension. Subdivision 3 of section 75 of the Civil Service Law provides that, pending the determination of charges against a civil service employee, he may not be suspended without pay for a period in excess of 30 days and that, upon being found guilty of the charges against him, the only permissible punishments are: (1) a reprimand, (2) a fine not to exceed $100, (3) suspension without pay for a period not to exceed two months, (4) demotion in grade and title or (5) dismissal from the service. Accordingly, it is clear that even if found guilty and ultimately dismissed, an employee is entitled to receive his full salary during any period of suspension in excess of the initial 30 days (see *Matter of Lytle v Christian,* 47 AD2d 824; *Matter of Gould v Looney,* 34 AD2d 807; *Matter of Amkraut v Hults,* 21 AD2d 260, affd 15 NY2d 627). However, where the "delay in proceeding is occasioned by the conduct of the accused", he will be denied the right to recover wages for the period involved (see *Matter of Amkraut v Hults,* 21 AD2d 260, 263, *supra;* accord *Matter of Brockman v Dordelman,* 48 AD2d 670; *Matter of Bentley v Henninger,* 10 AD2d 900). Nevertheless, despite appellants' conclusory statements to the contrary, there is no indication that petitioner is responsible for the delay in these proceedings. Indeed, it fully appears that petitioner was ready to proceed with the hearing but that appellants, on their own initiative, chose to delay the proceedings. Accordingly, petitioner is entitled to the accumulated salary for the period involved, less such sums as may have been earned from other employments during the subject period (see *Matter of Lytle v Christian, supra; Matter of Maurer v Cappelli,* 42 AD2d 758; *Matter of Sabatini v Kirwan,* 42 AD2d 1004). Hopkins, Acting P. J., Cohalan, Christ, Shapiro and Titone, JJ., concur.