■ In the Matter of CANDIDO YEAMPIERRE, Respondent, v DANIEL GUTMAN, as Hearing Referee for New York City Transit Authority, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel petitioner's reinstatement to his position with the New York City Transit Authority, with back pay from December 2, 1974, the date of his suspension, the appeal is from a judgment of the Supreme Court, Kings County, entered December 8, 1976, which, after a hearing, directed the appellant authority to remit the sum of $24,457.06 to petitioner-respondent. Judgment affirmed, with costs. On November 4, 1974 petitioner was arrested on the charge of criminal sale of a controlled substance in the first degree and thereafter, effective December 2, 1974, he was suspended from his position without pay. Inasmuch as petitioner's disciplinary hearing was postponed sine die over his objection and at the request of the office of the District Attorney of Bronx County, petitioner commenced the instant proceeding for back salary pursuant to subdivision 3 of section 75 of the Civil Service Law. Special Term granted the petition and this court, in a memorandum decision *(Matter of Yeampierre v Gutman,* 52 AD2d 608), modified the judgment by directing that petitioner's back salary award be offset "by the amount of

compensation which he may have earned in other employment * * * during the period of his suspension", and remanding the proceeding to Special Term to determine the amount of such award. This appeal is from the judgment which computed that award following the hearing at Special Term. The authority argues on this appeal that Special Term failed to reduce petitioner's award by not taking into account that petitioner had wrongfully delayed his concurrent criminal proceeding in order to effect a greater award. There is little doubt that if the authority could have demonstrated on the record that petitioner obtained adjournments of his concurrent criminal proceeding for frivolous reasons, or in bad faith merely to increase his award, an offset would have been justified (see *Matter of Brockman v Dordelman,* 48 AD2d 670; *Matter of Amkraut v Hults,* 21 AD2d 260, 263, affd 15 NY2d 627). Unfortunately for the authority, it chose to support its conclusory allegation by submitting the minutes of the criminal proceeding, which were before this court and the subject of argument in the earlier appeal, and hence the "law of the case" operates to foreclose re-examination of this question absent a showing of subsequent evidence or change of law, which is not evident here. Appellants' further argument that Special Term should have offset other delays in the disciplinary hearing as attributable to the conduct of the petitioner also does not stand up under close scrutiny. The record reveals that the delay between August 11, 1976 and September 10, 1976 was properly occasioned by petitioner's motion to change Hearing Referees inasmuch as the original Hearing Referee, the Hon. Daniel Gutman, had been named a technical defendant in the article 78 proceeding, and, as such, was under the obligation to grant the motion in order to avoid even the appearance of impropriety. The fact is that Judge Gutman was disqualified. Furthermore, the delays after September 17, 1976, occasioned by counsel's actual engagement at trial, are not of such nature as can be said to be attributable "to the conduct of the accused" (see *Matter of Amkraut v Hults,* 21 AD2d 260, affd 15 NY2d 627, *supra).* It is not every ordinary delay which falls within the proscription of the admonition; rather, the intent is to protect against undue or extraordinary delays for the purpose of increasing an award (see *Matter of Brockman v Dordelman, supra).* Cohalan, J. P., Hawkins and Mollen, JJ., concur; Suozzi, J., dissents and votes to reverse the judgment and to remand the proceeding to Special Term for a further hearing, in accordance with the following memorandum: By its affirmance of Special Term's award, the majority sanctions the recovery of wages by the petitioner for periods during which he delayed the disposition of the disciplinary proceedings. This conclusion contravenes the well-established principle of law with which the majority concededly agrees, and which this court enunciated in an earlier appeal in this matter, when it stated "where the 'delay in proceeding is occasioned by the conduct of the accused', he will be denied the right to recover wages for the period involved" *(Matter of Yeampierre v Gutman,* 52 AD2d 608, 609 [and cases cited therein]). Special Term's, and the majority's, reliance on the "law of the case" is a misapplication of that principle in the posture of the record before this court in the earlier appeal. Additionally, on the record on this appeal, it is clear that the delay of the disciplinary hearing after August 11, 1976 was directly attributable to the petitioner's conduct and that he should not be permitted to recover wages beyond that period, except for the three actual days of hearings involved. The delay to which I refer occurred between two separate and distinct periods: (1) the period between January 2, 1975 and the date in April, 1976 when the indictment was dismissed for jurisdictional reasons after 20 days of trial; and (2) the period between

August 11, 1976 and November 23, 1976, the last date encompassed within Special Term's calculation. Before discussing the reasons for my disagreement, it may be useful to recite this additional factual background. Following petitioner's suspension on December 2, 1974, the transit authority, at the request of the District Attorney, agreed to adjourn the disciplinary proceedings pending completion of the criminal action against petitioner. The petitioner then commenced an article 78 proceeding to compel his reinstatement and payment of his salary from the 30th day following his suspension until he was reinstated or the disciplinary charges were adjudicated. The proceeding resulted in a decision dated March 6, 1975, and a judgment entered thereon dated April 10, 1975, which directed that the transit authority pay the petitioner his regular salary, effective January 2, 1975, until he was reinstated or the disciplinary charges were disposed of. Upon the appeal from that judgment, the transit authority, in support of its contention that the petitioner should not be paid for periods of delay which he caused, appended to its reply brief transcripts of several appearances before the Criminal Court during the period from November 6, 1974 to January 30, 1976. On April 12, 1976 this court rendered its memorandum decision affirming the judgment appealed from to the extent of holding that "even if found guilty and ultimately dismissed, an employee is entitled to receive his full salary during any period of suspension in excess of the initial 30 days * * * less such sums as may have been earned from other employments during the subject period". This court also stated that, "the right to recover wages" will be denied to one who occasioned the delay during "the period involved", and added the following observations: "Nevertheless, despite appellants' conclusory statements to the contrary, there is no indication that petitioner is responsible for the delay in these proceedings. Indeed, it fully appears that petitioner was ready to proceed with the hearing but that appellants, on their own initiative, chose to delay the proceedings" (Matter of Yeampierre v Gutman, supra, p 609). Shortly thereafter, the indictment was dismissed for jurisdictional reasons, after three weeks of trial, in April, 1976; the petitioner was reindicted for the same crime on May 6, 1976. This new indictment was again dismissed on November 19, 1976 for similar jurisdictional defects and was followed by a reindictment on January 19, 1977, which is still pending and awaiting trial. On July 16, 1976 (following the first dismissal of the indictment), the District Attorney's office advised the transit authority to resume the suspended disciplinary hearing because the People's witnesses and their testimony were known to the petitioner. Accordingly, a hearing was rescheduled for July 29, 1976 before the same Referee who had been assigned to the matter at its inception. At the request of petitioner's counsel, an adjournment was granted to August 11, 1976. On that date petitioner's counsel insisted that the Referee disqualify himself on the ground that he had been named as a party defendant; the application was granted and the matter was referred to another Referee. Testimony was taken before the new Referee on September 10, 1976 and the matter was then adjourned to September 17, 1976. At the conclusion of the testimony on that date, the transit authority requested that the hearing be continued until October 8, 1976 so that a transit authority witness, who was a material witness in the prosecution of several major narcotic conspiracies, and who was then unavailable, could be produced. The hearing did not continue on that adjourned date, nor on the other adjourned dates of October 20, November 19 and December 3, 1976, because the petitioner's counsel was unavailable. The disciplinary hearing was finally concluded on December 10, 1976 and

the Referee's findings and recommendations for dismissal were rendered on December 17, 1976. In all, the disciplinary hearing consumed three days. In the interim, the hearing directed by this court's remand to Special Term for the purpose of determining the amount of the back pay due and owing to petitioner was finally conducted on November 23 and November 26, 1976 at Special Term. At that hearing it was conceded that the petitioner's salary for the period from January 2, 1975 to November 23, 1976 was $28,641.62. In computing the award of $24,457.06, Special Term deducted only $3,369 for other income earned by the petitioner during that period and $815.56 for time charged for the petitioner's admitted delays of December 12 to 18, 1974 and July 29 to August 11, 1974. Special Term refused to reduce the award for any delay between January 2, 1975 and the initial dismissal of the indictment in April, 1976, which delay, the transit authority alleged, was considerable, involving over $18,000, and did not attribute any of the delay after August 11, 1976 to the petitioner. With respect to the delay after August 11, 1976, on my view of the record it was error not to reduce the award for the period from August 11 to November 23, 1976, except for the three days consumed in the actual hearings and the week between the last day of the hearing and the Referee's decision, for the following reasons: The Referee, whose disqualification petitioner's counsel sought on the adjourned date of August 11, 1976, had been known to the petitioner and his counsel from the inception. This Referee had been assigned to this proceeding from its inception and the petitioner's counsel had named him in the article 78 proceeding. There was, therefore, no reasonable explanation for the petitioner's failure to seek his disqualification either on July 29, 1976 or in advance of August 11, 1976, except to delay this proceeding. Except for the adjournment resulting from this application to disqualify the Referee, the matter would reasonably have been concluded before the problem as to the transit authority's key witness arose on September 17, 1976. Furthermore, the record discloses that the transit authority's witness was available after September 22 but that the hearing could not be resumed and concluded until December 10 because of the unavailability of petitioner's counsel. In the face of this factual background, Special Term and the majority are being unduly generous toward this petitioner, who has successfully delayed the conclusion of the disciplinary proceedings from August 11, 1976 to December 17, 1976. In my view the award should be reduced for the period from August 11, 1976 to November 23, 1976, except for the three days consumed in the hearing and the week intervening between the final date of hearing and the Referee's findings and recommendations, and the matter should be remanded to Special Term for this computation. The award of back pay for this period of delay can only serve to encourage the petitioner to further delay the disposition of the disciplinary matter. The petitioner's discharge has been appealed. Should his dismissal be upset, he will be then entitled to recover back wages from the last date encompassed in Special Term's award to his reinstatement. The award of back pay for this period of delay can only serve to encourage further delay in the disposition of the appeal and the imposition of an even greater burden on the transit authority. At the hearing to determine the amount of back pay due and owing to the petitioner, Special Term precluded the transit authority from establishing that during the period from January 2, 1975 to the dismissal of the indictment in April, 1976 the petitioner had unduly delayed the conclusion of the disciplinary proceedings by delaying the criminal action. The Special Term held that any delay of the criminal action caused by the defendant was not chargeable to him because this court was silent on that matter in

the prior appeal, even though it was aware of the claimed delays attributable to the defendant in the criminal proceeding. The majority herein reaches a similar conclusion by stressing that the minutes of the criminal proceedings allegedly delayed by petitioner were before this court and were referred to in arguments during the prior appeal, and that the principle of "law of the case" forecloses re-examination of this question on this appeal. However, in my view, the doctrine of "law of the case" is totally inapplicable to the situation presently before us. "The doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Martin v City of Cohoes,* 37 NY2d 162, 165). If in fact the language in the prior appeal regarding the question of any alleged delay caused by petitioner constituted a judicial determination of that issue, I would have no reluctance in joining with the majority in applying the rule of "law of the case". However, an examination of the record in that appeal clearly indicates that no judicial determination was made, or could have been made, thereon. The specific language of CPLR 5501 (subd [c]) provides that the "appellate division shall review * * * questions of fact on an appeal". Although the first appeal was decided almost one year after the entry of the judgment appealed from, the record on appeal involved the very narrow period of January 2, 1975 to April 10, 1975. The judgment from which the appeal was taken was determined entirely on papers; there was no evidentiary hearing as to any question of delay inasmuch as the factual issue of delay was not raised in the original article 78 proceeding. The transit authority's submission of the transcripts of the proceedings in the criminal action between November 6, 1974 and January 30, 1976 was done through the use of an appendix to its reply brief; it did not enlarge the record on appeal before this court. It was made only to support its contention that the petitioner should not benefit from his own delay. From the statement as to delay in this court's decision, it is apparent that we agreed with that contention. However, our statements with respect to the conclusory nature of the transit authority's allegations of delay, and the petitioner's readiness to proceed with the hearing, were made without the benefit of any evidentiary hearing or factual findings on this issue by Special Term. In the light of the contents of the record on appeal, which was not enlarged by virtue of the appendix to the appellants' brief, and the limited issue presented by the appeal, any findings or statements by this court as to delay extended beyond the issue presented for review. Therefore, at best, these statements are dicta and, as such, are not binding on Special Term or this court as the "law of the case". While this court, in making the statements with respect to delay, apparently intended to make it clear that any reasonable delay of the disciplinary proceedings due to the criminal action should be charged to the transit authority, I cannot believe that it was intended that the transit authority should be charged for delay beyond the time within which the criminal action otherwise could have been disposed of except for the petitioner's own delay. Therefore, the transit authority should have been provided an opportunity, which it never has had, to establish the reasonable period within which the criminal action ordinarily would have been disposed of and to show that any delay beyond that period was due entirely to the petitioner or his counsel. Unless it can be established that the disposition of the criminal action would have ordinarily taken this much time, the petitioner should not be rewarded for his successful delay of the criminal

action. It is for these reasons that I vote to reverse the award and to remand the matter to Special Term for a hearing as to the reasonable period of time for the disposition of a criminal action in Bronx County and to determine whether any of the delay beyond this reasonable period occurring between January 2, 1975 and the dismissal of the indictment in April, 1976, was caused by the petitioner.