■ EDWARD M. LEVINE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the New York City Transit Authority and Harold L. Fisher, as its chairman, to (1) terminate petitioner's suspension without pay and (2) remit to petitioner all of the back pay withheld from him since January 21, 1978, the appeal is from a judgment of the Supreme Court, Kings County, dated November 3, 1978, which directed appellants to (a) "reinstate petitioner" or, if his suspension is to be continued, restore his salary pending a final determination of the disciplinary charges against him, and (b) "pay petitioner all back pay withheld from him since January 21, 1978, less any amounts earned by petitioner from outside sources". Judgment modified, on the law, by deleting therefrom the direction to reinstate petitioner. As so modified, judgment affirmed, without costs or disbursements. Petitioner was a supervisory employee in the transit authority's Maintenance of Way Department at the time of his suspension without pay on December 22, 1977

as the result of his indictment by a Federal Grand Jury on charges of conspiracy to commit bribery and bribery. He was subsequently indicted on other charges by a second Federal Grand Jury in May of 1978, but, insofar as it appears on the present record, he has yet to be tried on either indictment. At the request of the United States Attorney for the Eastern District of New York, petitioner's disciplinary proceeding has been stayed pending disposition of the criminal charges against him; however, the section of law pursuant to which petitioner was suspended (Civil Service Law, § 75) provides, in pertinent part, that "Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay *for a period not exceeding thirty days"* (subd 3; emphasis supplied). Clearly, the suspension at bar has exceeded the statutory time limit of 30 days, and it was on this basis that Special Term granted the petition. The recent decisions of this court in *Matter of Yeampierre v Gutman* (52 AD2d 608, mot for lv to app dsmd 40 NY2d 918) and *Matter of Coping v New York City Tr. Auth.* (57 AD2d 621) have upheld the right of an employee suspended pursuant to section 75 of the Civil Service Law to receive his salary for the period following the first 30 days of his suspension whenever, through no fault of his own, the charges against him have not been determined within that time. The authority seeks to distinguish those holdings from the present case, however, on the ground that the nature of the crimes which led to the employee's suspension here reaches to the core of his duties as a supervisor in the Maintenance of Way Department, i.e., that the petitioner, by virtue of his position, enjoyed a fair measure of control over contracts to provide the authority with electrical supplies necessary to the proper operation of the subway system, and that the criminal charges against him relate, in substance, to some of those contracts. Although we are sympathetic to the authority's position, the statutory provision in question is clearly worded, and makes no distinction based upon the type or nature of the misconduct or incompetence leading to the suspension. Thus, while it is not difficult to understand that the authority has little desire to permit petitioner to resume his duties or continue to draw his salary, we are faced with a statute whose "clear import * * * is to compel [the] governing body which prefers charges against a civil servant to move the hearing of the charges expeditiously, with the result that if the hearing not be held within 30 days after the charges are preferred the employee is then to begin to receive his salary until the final determination of the charges against him, even if he not be then reinstated to his position" *(Matter of Maurer v Cappelli,* 42 AD2d 758, 759). In our view, the authority's alternate contention, that it has no control over the scheduling of the hearing in this case inasmuch as the prosecutor has not only requested its co-operation in postponing the hearing, but holds all of the necessary evidence, must also be deemed inadequate (1) in light of the statute, the clear intent of which is to protect public employees from prolonged payless suspensions on undetermined charges, and (2) in light of the further fact that a contrary holding would render an employee's unqualified statutory right to the restoration of salary contingent upon the accident of whether the prosecuting authority "controls" the necessary evidence. No part of the holdings in *Matter of Yeampierre v Gutman* (52 AD2d 608, *supra)* or *Matter of Coping v New York City Tr. Auth.* (57 AD2d 621, *supra)* is predicated on the fact that the authority in those cases had access to all of the evidence necessary to sustain the respective disciplinary charges, which were predicated *in toto* on petitioners' arrests for murder *(Coping)* and criminal sale of

a controlled substance *(Yeampierre)*. The import of those cases was that a disciplinary proceeding based upon a criminal arrest could not be treated any differently for these purposes under the statute. The same considerations apply here. The authority's co-operation with the prosecutor is laudable (perhaps necessary) in this case, and without a doubt serves the public interest in the efficient and unprejudiced disposition of criminal charges. There is, however, another interest at stake here, the interest expressed in subdivision 3 of section 75 of the Civil Service Law to the effect that a public employee be afforded a prompt determination of the disciplinary charges preferred against him, or, in the alternative, if the foregoing cannot be accomplished through no fault of his own, that he not be made to suffer indefinitely in the absence of any determination on the merits of his alleged misconduct (see *Matter of Yeampierre v Gutman, supra; Matter of Maurer v Cappelli*, 42 AD2d 758, *supra)*. In the face of clear statutory language, the resolution of this apparent conflict is a matter best left to the Legislature and not the courts. So much of the judgment as alternatively directed petitioner's reinstatement was not properly entered, however, for while the authority may, if it wishes, reinstate the petitioner at this juncture, it may not be required to do so (see *Matter of Prezio v De Santis*, 38 AD2d 772; see, also, *Matter of Maurer v Cappelli, supra)*. O'Connor, Lazer and Gulotta, JJ., concur.

Suozzi, J. P., concurs in the result, with the following memorandum: The majority holds that a civil service employee's suspension without pay resulting from an indictment for a crime which is related to his duties cannot exceed 30 days pursuant to the language of subdivision 3 of section 75 of the Civil Service Law, which pertinently provides: "Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days." This holding requires that if the criminal and disciplinary charges have not been disposed of by the end of the 30-day suspension period, the transit authority or any public agency must either reinstate the civil service employee with pay or, in lieu thereof, continue his suspension with pay until he is convicted or acquitted of the criminal charges in which latter event, he would probably be reinstated. The inevitable financial burden imposed upon the public treasury as a consequence thereof is self-evident, inasmuch as the internal disciplinary proceedings are normally deferred pending the resolution of the criminal charges and the criminal charges cannot realistically be disposed of within the 30-day suspension period. As an added consequence, the authority must either replace that employee temporarily at additional expense if its level of service is to be maintained, or reduce those services during the period of such employee's suspension. Inasmuch as the majority's holding accords with the prior decisions of this court which have dealt with civil servants suspended because of indictments charging them with crimes both related and unrelated to their duties (see *Matter of Yeampierre v Gutman*, 52 AD2d 608, mot for lv to app dsmd 40 NY2d 918; *Matter of Maurer v Cappelli*, 42 AD2d 758; *Matter of Maurer v Stacklum*, 42 AD2d 759), I am constrained to join in the result reached by the majority. Nevertheless, it is my view that the majority's interpretation of this provision of the Civil Service Law is both unreasonable and illogical. The requirement of reinstatement or continued compensation of a civil service employee after the expiration of the initial 30-day suspension without pay was presumably designed to prevent the public agency from starving out the civil service employee by unnecessarily delaying its internal disciplinary procedures.

Although this concern is understandable with respect to charges which do not rise to the level of a crime and can, therefore, usually be resolved within the 30-day suspension period, it is totally inappropriate, in my view, in situations where the misconduct gives rise to criminal charges since the latter cannot be usually disposed of within that short period of time. The disposition of criminal charges is clearly beyond the control of the authority and any delay in this regard cannot possibly be construed as an attempt by the public agency to starve out that employee. In fact, it is the suspended civil service employee who can exercise some measure of control over the expeditious processing of the criminal charges against him by diligently pursuing his right to a speedy trial and who can thereby mitigate the effect of a continued suspension without pay beyond the initial 30-day period. The result which the present state of the law mandates constitutes an unwarranted invasion of the public treasury and at the same time reinforces public cynicism towards the law. Accordingly, the Legislature would be well advised to expeditiously consider appropriate amendments to subdivision 3 of section 75 of the Civil Service Law, with particular emphasis on granting the transit authority and other public agencies similarly situated the power to legally suspend the pay of those civil servants charged with crimes, beyond the initial 30-day period.