■ CHARLES HANSEN, JR., Respondent, v CITY OF GLOVERSVILLE, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Walsh, Jr., J.), entered August 28, 1986 in Fulton County, which, *inter alia,* granted plaintiff's motion for summary judgment.

Plaintiff was employed by defendant since 1975 as a tenured firefighter. As the result of plaintiff's firing two shots from a rifle into a wall of his apartment on July 7, 1983, plaintiff was charged with engaging in conduct unbecoming an officer employed by defendant and was suspended without pay on July 23, 1983. Following a hearing held on August 10, 1983, at which plaintiff chose not to testify due to the pendency of criminal charges arising out of the shooting incident, plaintiff was dismissed by defendant on August 22, 1983.

Thereafter, plaintiff commenced a CPLR article 78 proceeding challenging his dismissal for alleged errors in the hearing. Supreme Court annulled the determination and remitted the matter for a new hearing before a different Hearing Officer. At the second hearing, held on November 21, December 1 and December 5, 1983, plaintiff admitted the charges but attempted to mitigate the penalty of dismissal. However, defendant again dismissed plaintiff based on the recommendation of the new Hearing Officer, effective July 23, 1983, the date of the initial suspension.

Plaintiff then commenced this action against defendant, seeking back pay and benefits due under Civil Service Law § 75 (3) from August 22, 1983 (this date being 30 days from the date of plaintiff's initial suspension) through January 25, 1984, the date of his eventual dismissal. Both parties moved for summary judgment. Supreme Court granted plaintiff's motion and denied defendant's cross motion for summary judgment. We agree with that determination.

Civil Service Law § 75 (3) provides that a civil service employee charged with misconduct may be suspended without pay for a period of time not exceeding 30 days. If delay in excess of this period is not attributable to the employee's fault, the employee is entitled to salary, even if he is eventually found guilty of the charges against him and dismissed from employment (see, Sinicropi v Bennett, 92 AD2d 309, affd 60 NY2d 918). This authority instructs that an employee's rights under Civil Service Law § 75 (3) exist independently of any obligation to work, and the employer is obligated to pay the employee his salary even if the employer cannot control the delays which occur in the review process (see, Levine v New York City Tr. Auth., 70 AD2d 900, 901, affd 49 NY2d 747). This right has even been extended to require an employer to pay for the delay between an initial dismissal and final dismissal where error during the initial dismissal process caused the delay preceding the eventual final dismissal (see, Matter of Chopay v Town of Oyster Bay, 99 AD2d 810). Cases in which an employee has been found to have waived his statutory claim have been limited to the employee's evading service to delay the hearing (see, Gerber v New York City Hous. Auth., 42 NY2d 162), by the employee's requesting repeated stays of the hearing (see, Matter of Brockman v Dordelman, 48 AD2d 670), or by the employee's requesting a postponement of the disciplinary hearing (see, Shales v City of Rochester, 91 Misc 2d 195). These authorities clearly contradict defendant's contention that the responsibility for the

delay should be apportioned and plaintiff's recovery reduced by the amount of delay attributable to defendant *(see, Matter of Fusco v Griffin,* 67 AD2d 827).

Accordingly, Supreme Court correctly granted plaintiff's motion for summary judgment and its judgment should be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.