■ In the Matter of SAMUEL J. CONDE, Appellant, v MARY C. AIELLO, as Mayor of the Village of Herkimer, et al., Respondents. [613 NYS2d 94] —Order unanimously modified on the law and as modified affirmed with costs to petitioner in accordance with the following Memorandum: No appeal of right lies from an intermediate order in a CPLR article 78 proceeding (CPLR 5701 [b] [1]). We treat the notice of appeal as a request for permission to appeal and grant leave so that we may address the merits *(see,* CPLR 5701 [c]).

On August 28, 1992, petitioner was indicted for grand larceny, bribe receiving by a labor official, coercion, official misconduct, and perjury. On September 22, 1992, he was suspended without pay, retroactive to August 28, from his position as a police officer for the Village of Herkimer, based on the charges in the indictment. Petitioner was advised in the notice of discipline that the documents necessary for final disposition of the disciplinary charges were in the exclusive control of the Herkimer County District Attorney and that the period of suspension was extended "pending the availability of

evidence". In December 1992 petitioner filed this article 78 petition, alleging that respondents could not suspend his pay for more than 30 days, pursuant to Civil Service Law § 75 (3) and Village Law § 8-804. We agree.

Civil Service Law § 75 (3) provides that a municipal officer or employee may be suspended without pay for a period not exceeding 30 days pending the hearing and determination of charges of incompetency or misconduct. Similarly, Village Law § 8-804 provides that a member of a village police force may be suspended without pay for a period not to exceed 30 days pending the trial of charges. The 30-day period may be extended if the delay in disposition of charges is attributable to the employee *(see, Gerber v New York City Hous. Auth.,* 42 NY2d 162, 165). The fact that the evidence to be used against petitioner at the disciplinary hearing was controlled by the District Attorney is not relevant *(see, Levine v New York City Tr. Auth.,* 70 AD2d 900, 901, *affd for reasons stated* 49 NY2d 747). Nor is it relevant that petitioner requested an extension of time to answer the charges against him. Respondents have the burden of scheduling the hearing *(see, Gerber v New York City Hous. Auth., supra; Matter of Fusco v Griffin,* 67 AD2d 827). We also reject respondents' contention that the claim for back pay should be deemed waived because of petitioner's failure to file an answer. "Cases in which an employee has been found to have waived his statutory claim have been limited to the employee's evading service to delay the hearing *(see, Gerber v New York City Hous. Auth., [supra])*, by the employee's requesting repeated stays of the hearing *(see, Matter of Brockman v Dordelman,* 48 AD2d 670), or by the employee's requesting a postponement of the disciplinary hearing *(see, Shales v City of Rochester,* 91 Misc 2d 195)" *(Hansen v City of Gloversville,* 134 AD2d 657, 658). None of those situations is present here. Petitioner is entitled, therefore, to his full salary and benefits retroactive to September 29, 1992, and until determination of the charges against him.

Petitioner is not entitled to attorney's fees *(see,* CPLR 7806; *Health Care Plan v Bahou,* 92 AD2d 142, *mod on other grounds* 61 NY2d 814). (Appeal from Order of Supreme Court, Herkimer County, Tenney, J.—Article 78.) Present—Denman, P. J., Green, Lawton, Wesley and Callahan, JJ.