■ In the Matter of ELSAYED S. SELIM, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [632 NYS2d 223] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated August 9, 1993, which, after a hearing, terminated the petitioner's employment on the grounds that the petitioner had been absent without proper authority and that he had failed to document his absence, the appeal is from an amended judgment of the Supreme Court, Kings County (I. Aronin, J.), dated November 17, 1994, which reinstated the petitioner and remitted the matter to the New York City Transit Authority for the imposition of a more appropriate penalty and for the calculation of back pay.

Ordered that, on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see, CPLR 5701 [c])*; and it is further,

Ordered that the amended judgment is affirmed, with costs.

In order to annul an administrative determination of a penalty made after a hearing, a court must conclude that the penalty is shocking to one's sense of fairness. A penalty is shocking to one's sense of fairness if it is so grave in its impact

on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure, or turpitude of that individual or if it is disproportionate to the harm or risk of harm to the agency or institution or to the public generally visited or threatened by the derelictions of the individual *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

We agree with the Supreme Court that termination of the petitioner's employment is shocking to one's sense of fairness. The petitioner's misconduct consisted of a failure to adequately communicate his illness and prognosis to the New York City Transit Authority (hereinafter the NYCTA) after he apparently suffered a stroke while visiting relatives in Egypt. Under the circumstances, including the petitioner's exemplary employment record, dismissal was clearly inappropriate.

Finally, this matter was correctly remitted to the NYCTA for a calculation of the back pay that it owes to the petitioner for the period of the petitioner's suspension, including the period from the opening of the petitioner's default to the final resolution of this matter *(see, Levine v New York City Tr. Auth.,* 70 AD2d 900, *affd* 49 NY2d 747; *Matter of Amkraut v Hults,* 21 AD2d 260, *affd* 15 NY2d 627). Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.