■ PETER D. MERINGOLO, on Behalf of the Members of the CORRECTION CAPTAINS ASSOCIATION, et al., Respondents, v MICHAEL P. JACOBSON, as Correction Commissioner of the City of New York, et al., Appellants. NORMAN SEABROOK, as President of the Correction Officers' Benevolent Association, et al., Proposed Intervenors-Respondents. PETER D. MERINGOLO, on Behalf of the Members of the CORRECTION CAPTAINS ASSOCIATION, et al., Respondents, v MICHAEL P. JACOBSON, as Correction Commissioner of the City of New York, et al., Respondents. NORMAN SEABROOK, as President of the Correction Officers' Benevolent Association, et al., Proposed Intervenors-Appellants. [680 NYS2d 521] —Order and judgment (one paper), Supreme Court, New York County (Paula Omansky, J.), entered August 21, 1997, which, in a CPLR article 78 proceeding by petitioners Correction Captains Association and a correction captain challenging respondent Department of Correction's suspension of the individual petitioner for more than 30 days pending disposition of administrative charges against him, granted the petition to the extent of restoring the individual petitioner to respondent's payroll pending the disposition of administrative charges against him, directed that he receive back pay for the period following the first 30 days after his suspension, declared that Administrative Code of the City of New York § 9-112 violates Civil Service Law § 75 (3) in authorizing suspension of a member of respondent's uniformed force without pay for more than 30 days while criminal charges are pending, and declared that such Administrative Code provision is not exempt from the proscription of Civil Service Law § 75 (3) by virtue of the savings clause in Civil Service Law § 76 (4), and order, same court and Justice, entered October 24, 1997, which, upon reargument, adhered to a prior order, entered June 27, 1997, denying proposed intervenor Correction Officers' Benevolent Association's motion to intervene, unanimously affirmed, without costs.

We agree with the IAS Court that the savings clause in Civil Service Law § 76 (4), providing that nothing in Civil Service Law § 75 shall be construed to "repeal or modify" any local laws, is an unambiguous grandfathering provision that does not apply to the subsequently enacted Administrative Code § 9-112, providing that members of respondent's uniformed force charged with a crime may be suspended without pay for as long as the criminal charges remain pending, and that legislative history is therefore irrelevant as an aid in its interpretation (173 Misc 2d 650). Denial of leave to intervene was a proper exercise of discretion, notwithstanding the correction officers' interest in the matter and the court's broad power to

grant such relief in an article 78 proceeding (see, *Matter of Greater N. Y. Health Care Facilities Assn. v DeBuono*, 91 NY2d 716, 720), since the purported collective bargaining agreement that the correction officers wish to challenge as ineffective to bring them within the savings clause of section 76 (4) (see, *Seabrook v Jacobson*, 970 F Supp 252, 263-264, *vacated on other grounds* 153 F3d 70) affects only respondent's rank and file, not its captains, such as the individual petitioner, and its adjudication in this proceeding would have prejudicially delayed the determination as to the individual petitioner, who had already been suspended without pay for over a year. Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ. [*See,* 173 Misc 2d 650.]