■ NORMAN SEABROOK et al., Appellants, v BERNARD C. KERIK et al., Respondents. [772 NYS2d 822]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 5, 2001, which, in an action by correction officers who, pursuant to Administrative Code of the City of New York § 9-112, were suspended from their employment with defendant New York City Department of Correction without pay for more than 30 days pending resolution of criminal charges against them, seeking a declaration that section 9-112 is in conflict with Civil Service Law § 75 (3) and therefore invalid, and related monetary and injunctive relief, denied plaintiffs' motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Administrative Code § 9-112, insofar as pertinent, provides that correction officers charged with crimes are to be suspended without pay for as long as the charges remain pending. This conflicts with the earlier enacted Civil Service Law § 75 (3), which, insofar as pertinent, provides that a civil servant may not be suspended without pay for more than 30 days pending the hearing and determination of charges of incompetency or misconduct (*Matter of Meringolo v Jacobson*, 173 Misc 2d 650 [1997], *affd* 256 AD2d 20 [1998], *lv dismissed and denied* 93

NY2d 948 [1999]). Indeed, the precise intent of section 9-112 was to circumvent section 75 (3) (173 Misc 2d at 653). Such conflict would render section 9-112 invalid but for Civil Service Law § 76 (4) and § 201 (12), which, read together, permit a public employer, such as defendants, and an employee organization, such as plaintiff Correction Officers' Benevolent Association (COBA), to supplement, modify or replace section 75 (3) by agreement negotiated in collective bargaining, provided such agreement is ultimately approved by the Legislature (*see id.*). The motion court correctly held that such an agreement was established here as a matter of law by, inter alia, the October 25, 1974 side letter signed by COBA's then president acknowledging agreement with the City of New York to jointly recommend certain language to the City Council that in all essential respects ultimately became section 9-112, and the numerous references in section 9-112's Bill Jacket to a negotiation and agreement between the City and COBA in connection with their 1974-1976 contract (*see Ballentine v Koch*, 89 NY2d 51, 57-58 [1996]). We note that *Meringolo* involved correction captains, not officers, and that the Correction Captains Association, unlike COBA, never agreed to the enactment of section 9-112 (*see Meringolo*, 173 Misc 2d at 654).

We have considered plaintiffs' other arguments and find them unavailing. Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.