22 N.Y.2d 356 (1968)
In the Matter of James P. Conlon et al., in Behalf of Themselves and All Others Similarly Situated, Appellants,
v.
Thomas F. McCoy, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant; Samuel Lobel et al., Intervenors-Respondents.
Court of Appeals of the State of New York.
Argued April 17, 1968.
Decided June 14, 1968.
Charles Haydon for James P. Conlon and others, appellants.
Lawrence N. Marcus for Thomas F. McCoy, appellant.
Morris Weissberg for intervenors-respondents.
James P. Durante and Lawrence W. Boes for Supreme Court Uniformed Officers Association, amicus curiæ.
Judges BURKE, SCILEPPI and BERGAN concur with Judge JASEN; Judge KEATING dissents and votes to reverse and to reinstate the judgment of Special Term on the dissenting opinion at the Appellate Division; Judge BREITEL dissents and votes to affirm on the majority opinion at the Appellate Division; Chief Judge FULD taking no part.
*359 JASEN, J.
Petitioners brought this proceeding pursuant to CPLR article 78 to compel respondent (a) to cancel an open competitive examination for Senior Court Officer in the Unified Court System, and to fill vacancies in that position only by promotion examination; and (b) to limit eligibility for a promotion examination to Assistant Court Clerk in the Unified Court System *360 only to those persons who have one year of competitive experience in the position entitled "Uniformed Court Officer". Petitioners are Uniformed Court Officers within the Unified Court System.
On June 18, 1965 the Administrative Board of the Judicial Conference adopted a title structure for all civil service purposes for the Unified Court System. In so doing, the board acted within the power conferred upon it by the New York Constitution (art. VI, § 28) and Judiciary Law (§ 212). The title structure consisted mainly of a series of charts in which lines of promotion and title specifications for competitive and noncompetitive class positions were indicated. These specifications described the main duties and responsibilities encompassed by each title. They also included an appropriate minimum standard or qualification required for appointment to the title.
The title specification for Senior Court Officer was contained in the "Court Officer Series". The sole qualification indicated for that position was "One year of permanent service as a Uniformed Court Officer." The position of Assistant Court Clerk, grouped in the "Court Clerical Series", specified a qualification of "one year of permanent competitive service as a Court Assistant or a Court Officer." Both of these positions were above the entrance level in their respective series.
During the week of March 14, 1966, the Administrative Board announced an open competitive examination for the position of Senior Court Officer to be held May 7, 1966. The announcement, inter alia, set forth the following experience qualifications for the position, to wit: "Either (1) admission to the Bar of New York State; or (2) one year of permanent satisfactory full-time paid experience as a court officer in the Civil, Criminal or Family Court in the City of New York within the unified court system in the City of New York or (3) one year of full-time paid experience as a court officer in the Supreme or Surrogate's Courts in the City of New York."
Also during the week of March 14, 1966, the board announced a promotion examination for the position of Assistant Court Clerk. The qualifying experience specified for that examination included permanent competitive service in any one of two groups of titles, one designated as "Past Titles," and the other group denominated "New Titles". They were characterized *361 as "titles heretofore classified under past classification plans, or in successor titles now being installed in a new classification plan".
Supreme Court, New York County, held that the board should have announced a promotion, rather than an open competitive, examination for Senior Court Officer positions. However, the court did not cancel the list of eligibles resulting from that examination; rather, it divided the list into two parts  the first part consisting of those eligibles who had one year of service as a Uniformed Court Officer, and the remainder consisting of those persons qualifying by reason of admission to the Bar. It further ordered that vacancies be filled by persons whose names appeared on the first part of the list, and thereafter, should that part be reduced to less than three persons, appointments to be made from persons included in the second part. As to the attack against the announcement for Assistant Court Clerk, the court concluded that the board had not abused its discretion in opening the examination to titles other than Uniformed Court Officers or Court Assistants, and accordingly dismissed that portion of the petition.
Petitioners appealed to the Appellate Division from so much of the Supreme Court's judgment which denied the relief demanded in their petition; however, the Administrative Board declined to prosecute an appeal. The Appellate Division modified the judgment to the extent of canceling the list for Senior Court Officers in its entirety, vacating the notice for the examination and annulling the examination.
In this court petitioners appeal from so much of the Appellate Division's order which affirmed the judgment entered below. The board cross-appealed from the order, except as it affirmed the judgment. Inasmuch as the board took no appeal from the Supreme Court's determination that a promotion examination should have been announced, the correctness of that decision is not properly before us. (See Cohen and Karger, Powers of the New York Court of Appeals, § 94, p. 404.) However, since the board is adversely affected by the Appellate Division's modification, we may consider the legal issue raised thereby, viz., whether cancellation of the examination and annulment of the list flowing therefrom is mandated when the board improperly announces an open competitive examination in lieu of a promotional test.
*362 The Appellate Division held that the only cure for the invalid examination notice is to declare it void and thereby nullify all the fruits flowing therefrom  examination and resultant list of eligibles. The court appears to have been compelled to that conclusion in part by the possibility that some Uniformed Court Officers might have foresworn taking the examination in the fear that they could not successfully compete with members of the Bar.
We do not feel that such a result is indicated here. While the Appellate Division's conclusion has a logical simplicity, it gives no weight to the fact that there is nothing in the record to indicate that the examination itself was improper, or that persons otherwise eligible under the board's rules were excluded from the examination. Furthermore, there is nothing in the record to show that any of the petitioners were constrained from taking the examination by reason of its alleged invalidity.
While the examination announcement indicated that it was "open competitive", it was only so in a limited sense. Thus, the main argument in favor of annulling the resultant list is that some ineligible persons were allowed to participate in the examination. The mere fact that some ineligible persons were allowed to take the examination should not render the whole process a nullity. (Matter of O'Brien v. Delaney, 255 App. Div. 385, affd. 280 N.Y. 697; see, also, Matter of Deodati v. Kern, 280 N.Y. 366; cf. Matter of Ebling v. New York State Civ. Serv. Comm., 305 N.Y. 221.)
Petitioners' basic argument in their cause of action against the promotion examination for Assistant Court Clerk is that it should have been limited to Uniformed Court Officers. The new titles designated as qualifying experience were Court Assistant, Interpreter, Principal Clerk, Principal Stenographer, Senior Identification Officer, Supervising Clerk and Uniformed Court Officer. With the exception of the title of Supervising Clerk, all of these titles are in a direct line of promotion to Assistant Court Clerk as determined by the promotion lines promulgated by the Administrative Board. As to the title of Supervising Clerk, the record indicates that it is an old title which will be converted either to Principal Clerk or to Court Assistant.
In any event, it cannot be said that the board acted in an arbitrary or capricious manner in making the determination to *363 extend eligibility in this promotion examination and it certainly could consider the fact that incumbents in those titles might otherwise not have any real opportunity for promotion. (Matter of Wirzberger v. Watson, 305 N.Y. 507.)
The order appealed from should be modified to the extent of striking that part which annulled the examination and any list promulgated in accordance with it, provided the list so preserved contains only the names of those successful applicants who had the requisite qualifying experience as Uniformed Court Officers.
Order modified in accordance with the opinion herein and, as so modified, affirmed, without costs.