In the Matter of INTERNATIONAL HARVESTER COMPANY, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, June 23, 1977

*DeGraff, Foy, Conway & Holt-Harris (Michael F. Daly* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

MAIN, J. On December 22, 1965, petitioner, International Harvester Company, was organized under the laws of the State of Delaware as International Harvester Corporation, a wholly-owned subsidiary of a New Jersey corporation, Interna-

tional Harvester Company. Pursuant to a merger agreement, the New Jersey corporation was thereafter merged into petitioner on March 16, 1966, with the latter corporation surviving and assuming the name International Harvester Company. On March 17, 1966, petitioner commenced doing business in New York State and a certificate of termination was filed with the New York Secretary of State by the former New Jersey corporation.

The instant proceedings center upon the corporation franchise tax and corporation license fee liabilities of petitioner and its predecessor corporation for fiscal years 1960 through 1966, and petitioner here challenges notices of deficiency therefor which it received from respondent. Basically, two questions are presented for our review, *to wit:* (1) did respondent err in its determination that certain short-term notes purchased by petitioner were "other securities" as that term is used in subdivision 5 of section 208 of the Tax Law with the result that income derived therefrom would be considered "investment income" rather than "business income" and petitioner's franchise tax liability would thereby be increased, and (2) is petitioner, as the surviving corporation after a statutory merger of two foreign corporations, entitled to a credit against its license fee liability under section 181 of the Tax Law for the license fees previously paid for the year 1966 by its predecessor New Jersey corporation.

Considering initially the license fee issue, we find that respondent's determination of petitioner's deficiency must be confirmed. On this question, petitioner is claiming a credit for license fees paid by the absorbed New Jersey corporation for 1966 and, thus, is seeking relief in the nature of a tax exemption. As such, it must concededly carry a heavy burden and be able to point to some provision of law plainly giving the exemption *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 196; *People ex rel. Sav. Bank of New London v Coleman,* 135 NY 231, 234). This it has been unable to do. Even though a domestic corporation surviving a merger is in effect credited on its organization for any such taxes previously paid by an absorbed domestic corporation (Tax Law, § 180), the corresponding statute dealing with license fees on foreign corporations (Tax Law, § 181) contains no provision for such a credit. Accordingly, the only logical inference to be drawn is that the Legislature did not intend foreign corporations, such as petitioner, to be entitled to the

claimed credit (McKinney's Cons Laws of NY, Book 1, Statutes, § 240).

With regard to the alleged franchise tax deficiencies, however, we reach a contrary result and find that respondent erroneously treated petitioner's income from the subject short-term notes as "investment income" and, therefore, that the resultant tax deficiencies assessed must be annulled. In this instance we are not being asked by petitioner for a tax credit or exemption. Instead, we are merely interpreting a statute and regulations promulgated thereunder levying a tax, which "should be interpreted as the ordinary person reading it would interpret it" *(Howitt v Street & Smith Pub.,* 276 NY 345, 351) and "construed most strongly against the government and in favor of the citizen" *(People ex rel. Mutual Trust Co. v Miller,* 177 NY 51, 57). Here, by the express terms of section 3.31 (c) of the ruling of respondent issued March 14, 1962 (20 NYCRR 3.31 [c]), "short-term notes" are specifically excluded from the class of "other securities" as that term is utilized in subdivision 5 of section 208 of the Tax Law. Moreover, that same ruling limits "other securities" to, *inter alia,* securities issued by corporations and governmental bodies "of a like nature of stocks and bonds, which are customarily sold in the open market or on a recognized exchange". Obviously, the "short-term notes" purchased by petitioner do not meet these criteria for "other securities" as established by respondent, and, at the very least, respondent is bound by its own rules *(Matter of Conlon v McCoy,* 27 AD2d 280, mod on other grounds 22 NY2d 356; *Matter of Mendelson v Finegan,* 253 App Div 709, affd *sub nom Matter of Mendelson v Kern,* 278 NY 568) and the citizenry should be able to use said rules as a guide in formulating a course of conduct. Such being the case, the franchise tax deficiencies assessed against petitioner must be annulled.

The determination and decision should be modified, by annulling so much thereof as assess franchise tax deficiencies, and, as so modified, confirmed, without costs.

KANE, J. P., MAHONEY, LARKIN and HERLIHY, JJ., concur.

Determination and decision modified, by annulling so much thereof as assess franchise tax deficiencies, and, as so modified, confirmed, without costs.