In the Matter of AVON PRODUCTS, INC., Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, December 30, 1982

APPEARANCES OF COUNSEL

*Breed, Abbott & Morgan (Edward H. Hein* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Francis V. Dow* and *Jeremiah Jochnowitz* of counsel), for respondent.

OPINION OF THE COURT

MIKOLL, J.

In 1971 and 1972 petitioner made various investments including the purchase of bankers' acceptances issued by foreign banks. The income therefrom was reported as investment income for franchise tax purposes. New York tax authorities determined that this income constituted income from business capital rather than investment capital and found petitioner liable for additional franchise taxes for the years in question. In denying petitioner's claims for refunds, respondent held that income from bankers' acceptances should be treated as income from business capital in that bankers' acceptances are specifically excluded from investment capital as that term is defined in subdivision 5

of section 208 of the Tax Law. This CPLR article 78 proceeding ensued.

The New York State Franchise Tax Act (Tax Law, art 9-A) requires corporations doing business in this State to pay a franchise tax upon the basis of that portion of their entire net income allocated to New York (Tax Law, § 209, subd 1). The franchise tax, in this case, was measured by the total of business capital and investment capital allocated within the State (Tax Law, § 210, subd 1, par [a], cl [2]). The allocation of income to investment capital rather than to business capital results in potentially less tax liability (compare Tax Law, § 210, subd 3, par [b], with Tax Law, § 210, subd 3, par [a]). Subdivision 5 of section 208 of the Tax Law defines investment capital as follows: "The term 'investment capital' means investments in stocks, bonds *and other securities,* corporate and governmental, not held for sale to customers in the regular course of business, exclusive of subsidiary capital and stock issued by the taxpayer, provided, however, that, in the discretion of the tax commission, there shall be deducted from investment capital any liabilities payable by their terms on demand or within one year from the date incurred, other than loans or advances outstanding for more than a year as of any date during the year covered by the report, which are attributable to investment capital" (emphasis added).

Respondent, relying upon former 20 NYCRR 3.31 (c), which defines "other securities" as used in subdivision 5 of section 208 of the Tax Law (for the years in dispute), contends that bankers' acceptances are in effect "bills of exchange [or] other commercial instruments" and that bankers' acceptances, therefore, are excluded from the category of "other securities". In support of this contention, respondent relies on the definition of security contained in the Uniform Commercial Code, which specifically differentiates between investment securities and commercial paper (Uniform Commercial Code, §§ 8-101, 8-102, 3-104, 3-410). Respondent further points out that the bankers' acceptances commonly mature in 30, 90 or 180 days, urging that they are short-term commercial paper.

In determining whether bankers' acceptances are securities under subdivision 5 of section 208 of the Tax Law, it is

proper to look to the function of these instruments, to search for substance over form with emphasis on economic reality (see *United Housing Foundation v Forman,* 421 US 837). The record establishes that bankers' acceptances are customarily sold on the open market or on a recognized exchange; they are designed as a means of investment; and, they are issued by foreign banks for the purpose of financing the enterprise of the issuing banks by providing a distribution of the obligations of such banks. Once issued, they are traded as investments and their quotations appear daily in the *New York Times* and the *Wall Street Journal.* These instruments are commonly recognized by investors as securities. We decline to adopt the strained interpretation of "other securities" urged by respondent (see *Matter of Manhattan Cable TV Servs., Div. of Sterling Information Servs. v Freyberg,* 49 NY2d 868, 869; *Matter of International Harvester Co. v State Tax Comm.,* 58 AD2d 125, 127).

The petition should be granted, with costs, the determination annulled, and the matter remitted to respondent for further proceedings consistent herewith.

KANE, J. P., YESAWICH, JR., WEISS and LEVINE, JJ., concur.

Petition granted, with costs, determination annulled, and matter remitted to respondent for further proceedings consistent herewith.