■ In the Matter of CABLEVISION SYSTEMS DEVELOPMENT COMPANY, Respondent, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Appellant. — In consolidated proceedings pursuant to article 7 of the Real Property Tax Law, the appeal is from a judgment of the Supreme Court, Nassau County (Meade, J.), entered November 12, 1982, which, *inter alia,* granted the petitioner's motion for summary judgment, ordered the appellant Board of Assessors of the County of Nassau to remove from its assessment roll the petitioner's main transmission cables located in the private ways, and directed the appellant to refund to the petitioner all of the real property taxes allocable to such cables which had theretofore been paid for the tax years 1976 through 1979. Judgment affirmed, without costs or disbursements. We decline to adopt the strained construction of section 102 (subd 12, par [d]) of the Real Property Tax Law urged upon us by the appellant which would have us hold that so much of the petitioner's main transmission cables as are located in the private ways constitute real property subject to taxation within the meaning and intent of the cited subdivision (see *Matter of Manhattan Cable TV Servs. v Freyberg,* 49 NY2d 868; see, also, *Matter of Avon Prods. v State Tax Comm.,* 90 AD2d 393, 395). Moreover, the petitioner is not a "utility" for the purposes of section 102 (subd 12, par [d]) (*Matter of Manhattan Cable TV Servs. v Freyberg, supra*) and it is well established that " 'section 102 (subd 12, par [d]) of the Real Property Tax Law is "aimed principally at expanding the definition of real property with respect to utility companies" ' " (*Matter of Manhattan Cable TV Servs. v Freyberg, supra,* p 870, quoting *Matter of Quotron Systems v Irizarry,* 48 NY2d 795, 797). There is, therefore, no cogent reason for giving an expansive reading to the cited subdivision in order to bring this petitioner's property within its ambit. Damiani, J. P., Gulotta, O'Connor and Rubin, JJ., concur.