◼ In the Matter of NATHANIEL ROBINSON, JR., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [641 NYS2d 55] —In a proceeding pursuant to CPLR article 78, the New York City Transit Authority appeals from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated September 16, 1994, which granted the petition to the extent of reinstating the petitioner to its payroll pending a resolution of disciplinary charges against him, and denied its cross motion to dismiss the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the cross motion is granted, and the proceeding is dismissed on the merits.

The petitioner is a bus driver for the Transit Authority who was suspended and charged with threatening his general superintendent. Pursuant to the Grievance Disciplinary Procedure set forth in the governing collective bargaining agreement, the disciplinary charge was contested by the petitioner and a hearing was scheduled before the Tripartite Arbitration Board. Before the matter was heard, the petitioner commenced this CPLR article 78 proceeding to compel his restoration to the Transit Authority's payroll pursuant to Civil Service Law § 75 (3).

Although the disciplinary procedure set forth under Civil Service Law § 75 (3) limits the period of an employee's unpaid suspension pending a hearing to 30 days, the collective bargain-

ing agreement contains a disciplinary grievance procedure which is at variance with the statute (*cf., Dye v New York City Tr. Auth.,* 88 AD2d 899, *affd* 57 NY2d 917). The collective bargaining agreement further provides that the disciplinary grievance procedure "shall be in lieu of any other disciplinary procedure that may have previously applied to an employee covered by this Agreement including but not limited to the procedure specified in Sections 75 and 76 of the Civil Service Law". Thus, contrary to the conclusion reached by the Supreme Court, the petitioner's right to be restored to the payroll after 30 days of suspension is a subject governed by the collective bargaining agreement and not by Civil Service Law § 75. The petitioner's failure to exhaust the administrative remedies provided by the collective bargaining agreement precludes him from litigating this matter in a court of law (*see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Trainosky v New York State Dept. of Taxation & Fin.,* 105 AD2d 525). Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.