■ LEE SAUNDERS, as Executive Director of District Council 37, AFSCME, AFL-CIO, et al., Respondents-Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant-Respondent. [774 NYS2d 330]—

Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered July 9, 2002, which, in a

proceeding pursuant to CPLR article 78, granted the petition to the extent of enjoining respondent from appointing temporary employees in disregard of Civil Service Law § 64 (1) and directing respondent to amend its policy regarding Civil Service Law § 75 (1) (c) to also include part-time employees, but denied the application on behalf of petitioner Patino for lost wages and benefits, unanimously affirmed, without costs.

The injunctive relief was properly granted. Respondent concedes that its own regulations require an "important" need to justify the open-ended employment of temporary workers. Respondent is bound by that regulation (*see Matter of Conlon v McCoy*, 27 AD2d 280, 281 [1967], *mod on other grounds* 22 NY2d 356 [1968]), and the regulation must be "consistent" with the Civil Service Law (*see* McKinney's Uncons Laws of NY § 7390 [1] [New York City Health and Hospitals Corporation Act § 9 (1) (L 1969, ch 1016, § 1, as amended)]), which requires that temporary appointments be for no more than three months and that there be an "important and urgent" need for them (Civil Service Law § 64 [1]). Respondent has failed to articulate an "important" need for the open-ended employment of temporary workers, nor has it shown that the contested practice is in any way consistent with the Civil Service Law. We reject respondent's argument that the reference to "continuous" in Civil Service Law § 75 (1) (c) limits the protections of that statute to full-time employees.

While respondent could not, simply by hiring petitioner Patino on a per diem basis, limit any right to which he otherwise became entitled by reason of his length of continuous service, it does not follow that Patino was entitled to a hearing prior to his termination. No such hearing was required under the applicable collective bargaining agreements, which Supreme Court properly upheld (*see Matter of Robinson v New York City Tr. Auth.*, 226 AD2d 467, 468 [1996]). Petitioners have not shown that the disputed provisions of the agreements violate statutory "imperative[s]" (*see City of Newburgh v Potter*, 168 AD2d 779, 780 [1990], *lv denied* 78 NY2d 857 [1991]), or are inconsistent with public policy or contrary to legislative intent (*see Matter of Uniform Firefighters of Cohoes v Cuevas*, 276 AD2d 184, 193 [2000], *lv denied* 96 NY2d 711 [2001]). Concur—Buckley, P.J., Tom, Sullivan and Williams, JJ.