■ WILMA CLARK, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [847 NYS2d 194]—Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered July 10, 2006, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.

To the extent plaintiff seeks reinstatement of position or benefits, such claims could have been pursued in the proceeding in Kings County, which was dismissed, and thus are precluded by res judicata (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 501-502 [1984]). Furthermore, her failure to exhaust her administrative remedies in view of the disciplinary charges that led to her dismissal precludes review of those claims by this Court (*Matter of Robinson v New York City Tr. Auth.*, 226 AD2d 467, 468 [1996]).

To the extent plaintiff alleged tort claims, her failure to file the appropriate notice of claim pursuant to General Municipal Law § 50-e and Public Authorities Law § 1212 (4) renders these claims nonjusticiable.

Any claim against defendant Association for breach of its obligation of fair representation is barred by the appropriate statute of limitations (CPLR 217 [2]).

Finally, any attempt by plaintiff to circumvent any of these procedural hurdles by intimated allegations of discrimination is unavailing. The allegations of the complaint offer no specifics on any discrimination claim, and nothing in the papers submitted in opposition to the motion for dismissal is any more enlightening. In any event, the complaint would properly be dismissed for failure to state a cause of action. Concur—Mazzarelli, J.P., Saxe, Marlow, Catterson and Malone, JJ.