■ PETER S. HUSSEY, Appellant, v. TOWN OF OYSTER BAY, Respondent.— In an action to recover salary allegedly due, the plaintiff appeals from an order of the Supreme Court, Nassau County, entered February 25, 1965 upon reargument, which adhered to the court's original decision denying his motion for summary judgment. Order affirmed, without costs. We agree with Special Term that a triable issue of fact exists as to the status of the plaintiff and his right to the benefits of subdivision 3 of section 75 of the Civil Service Law. We disagree, however, with the denial of the motion on the additional ground that plaintiff is required to bring a proceeding under article 78 of the CPLR to determine his right to the position as a condition precedent to his obtaining back salary. Plaintiff has not been removed from his position; he has been suspended pending a determination as to whether he has been guilty of misconduct. If he is under the protection of the Civil Service Law (§ 75, subd. 3), he is entitled to be compensated for the period of his suspension in excess of 30 days, assuming: (a) that his conduct did not cause the delay in disposing of the charges (*Matter of Amkraut* v. *Hults*, 21 A D 2d 260, 263); and (b) that compensation can be sought in an independent action or proceeding (*Matter of Carville* v. *Board of Educ. of Utica City School Dist.*, 11 A D 2d 1092; *Matter of Bentley* v. *Henninger*, 10 A D 2d 900, 901). Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.