Cooke, J.
This case involves a claim for unpaid salary by a former public employee for the period running from his suspension from his position with the housing authority until his dismissal on the grounds of misconduct.
On May 2, 1972, the housing authority suspended plaintiff *164 from his position as senior demolition inspector pending determination of bribery charges preferred against him. A hearing on these charges was scheduled for June 21, 1972, but the hearing did not take place on that date because of the inability of the housing authority to effect personal service of the charges on plaintiff. The housing authority utilized New York City policemen who made repeated unsuccessful attempts to serve plaintiff who was either not at home or not responding to their efforts to effect service. Eventually plaintiff was served, a hearing was held, and he was dismissed on September 2, 1975.
It is noted that by the time plaintiff was dismissed for misconduct in September, 1975, based on the same misconduct, he had also pleaded guilty in New York County to a charge of official misconduct and was convicted in Kings County, after a jury trial, of the crime of receiving unlawful gratuities. The issue presented here does not, however, involve plaintiff’s guilt or innocence of the charges, but only whether he is entitled to be paid for the period of his suspension until his ultimate dismissal—a period of some three years and four months.
Special Term granted the housing authority’s motion to dismiss pursuant to CPLR 3211 (subd [a], pars 5, 7), commenting that plaintiff’s claim is "factually and legally improper and invalid.” The Appellate Division affirmed, with two Judges dissenting. The majority was of the view that the inordinate delay in holding the disciplinary hearing was caused by plaintiff, that it would be most unfair to compel the housing authority to pay him substantial sums of money by way of claimed accrued salary without having received services in return, and that he should not be permitted to profit by his proven misconduct and his tactics in successfully delaying the disciplinary proceeding resulting in his discharge. The dissenters took the position that a plenary hearing was necessary to determine whether the delay in holding the hearing was occasioned by plaintiff and whether he was entitled to recover any portion of his salary during the period of his suspension. We agree with the majority, thóugh for somewhat different reasons, and accordingly approve the determination dismissing the complaint.
Pending a hearing and determination of charges, a permanent civil service employee against whom charges of misconduct have been preferred may be suspended without pay for a *165 period not exceeding 30 days (Civil Service Law, § 75, subd 3). Even though he or she is eventually discharged for misconduct, an employee suspended for a period in excess of 30 days may recover wages for the excess period, provided that the delay in disposition of charges was not occasioned by the employee’s fault (Matter of Amkraut v Hults, 21 AD2d 260, affd 15 NY2d 627; Matter of Lytle v Christian, 47 AD2d 824). The claim for accrued salary may be made by way of an action at law, and it is not necessary to commence an article 78 proceeding (see Hussey v Town of Oyster Bay, 24 AD2d 570; cf. Toscano v McGoldrick, 300 NY 156).
Where the delay is not occasioned by the employee’s fault, allowing pay for the period of suspension in excess of 30 days is justified on the grounds that "[a]s a practical matter one accused frequently has all income cut off during a period of suspension—not merely the income from the job vacated” and that "[h]e is reluctant to seek other employment especially if he has acquired some form of tenure or substantial pension rights in the job from which he is suspended” (Matter of Amkraut v Hults, supra, at p 263). On the other hand, "[i]f a delay in proceeding is occasioned by the conduct of the accused he cannot justly be heard to complain nor be allowed a recompense for the period involved” (id).
Although the record supports a finding that plaintiff evaded personal service of the notice of charges, it does not support a determination that the entire period of delay in holding the hearing resulted from his dilatory tactics. For this reason, it is not possible to conclude that plaintiff is not entitled to back pay simply on the ground that the delay was occasioned by him. Nevertheless, the record manifests an effort on the part of plaintiff to impede the resolution of the question of his entitlement to continue at his position and this effort should be determinative of his claim for salary during the period of suspension.
It cannot seriously be denied that plaintiff was evading personal service of the disciplinary charges. Moreover, that the New York City Civil Service Commission Rules may have permitted service of the notice by certified mail should not be considered as shifting the responsibility for the delay to the housing authority. It was plaintiff who took advantage of the housing authority’s possibly mistaken understanding that personal service was required and he should not benefit by such a mistake.
*166 By contrast, it cannot be doubted that the housing authority sought to resolve the matter. After plaintiffs dismissal in May of 1972, it promptly scheduled a June hearing which he sought to avoid by evading service. When he was eventually served, again a hearing was scheduled, this time for November 29, 1973. When plaintiff did not appear at the hearing, he was tried in absentia. Nevertheless, the housing authority vacated that determination at the request of plaintiffs attorney, who had requested an adjournment but whose letter was not received until after the hearing. From that point, however, a period of more than 18 months passed before a hearing was held on June 9, 1975. While it is not alleged that plaintiff pressed for a hearing, there is also no explanation from the housing authority regarding the cause of the delay for this interval. In short, the housing authority’s actions, though hardly a model of efficiency, manifest an honest effort to determine plaintiffs rights.
Taking the above circumstances into consideration, it is reasonable to conclude that plaintiff abandoned his claim for pay during the period of suspension. In a given case, by his conduct in frustrating the administrative process to the end that the matter is not promptly disposed of, a suspended employee may be considered to have waived or simply abandoned both his position and any claim to back pay (cf. Matter of Fay v Lyons, 282 App Div 90; Matter of Schmidt v Macedonio, 47 Misc 2d 889). This principle is, of course, circumscribed in nature and should be limited to circumstances of gravity such as those presented here. In the ordinary situation there should be no burden upon a suspended employee to press for a hearing. However, where it is apparent that the employee is avoiding the opportunity to determine his rights, the employee should not be able to prolong the inevitable for an unreasonable period, and then benefit from any subsequent shortcomings of his adversary in concluding the matter. A hearing is, of course, required for purposes of determining the right to continue in the position. Nevertheless, even where it is not established that the entire delay was occasioned through the fault of the employee, for purposes of a claim to back pay during a period of suspension, an attempt to impede the administrative process for any significant period, as a result of which a prompt determination as statutorily intended has been prevented, should be deemed to be an abandonment of any claim to back pay.
*167 It is asserted that a hearing is necessary to determine whether plaintiff abandoned his claim to back pay. This assertion should be rejected. Of course, plaintiff denies having evaded service of the disciplinary charges, but there has been ample demonstration of his dilatory tactics and his denials are not of sufficient strength to justify further expenditure of judicial effort. This is not to suggest that a determination of this sort should always or even generally be made in this manner. Rather, it is to recognize that this record is such as to yield no other conclusion than that plaintiff has failed to make out a cause of action.
To summarize, under these circumstances plaintiff may be charged with knowledge of the' availability of a hearing to determine his entitlement to his position. Having manifested by his conduct a desire to avoid that determination for an unwarranted period under all the circumstances and so as to thwart a prompt hearing and disposition, plaintiff should be deemed to have abandoned his claim to back pay.
Accordingly, the order of the Appellate Division should be affirmed, with costs.