■  In the Matter of ISAAC BURRISON, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated January 21, 1977 and made after a hearing, which sustained a charge that petitioner had used cocaine without the authority of the medical director and dismissed him from his position of conductor. Petition granted to the extent that respondent is directed to pay petitioner back pay for the period from September 19, 1976 to January 21, 1977, but not including, however, the period from October 12,

1976 to November 10, 1976, less the amount of compensation which petitioner may have earned in any other employment or occupation and any unemployment insurance benefits he may have earned during such period; determination confirmed; and proceeding otherwise dismissed on the merits, without costs or disbursements. A review of the record as a whole indicates that the determination of the respondent to terminate petitioner's services as a conductor was supported by substantial evidence. We further find that the penalty imposed did not constitute an abuse of discretion (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Although respondent acknowledges in its brief that it is willing to pay back wages to petitioner from September 19, 1976 (the date 30 days after his suspension) to November 10, 1976 (the date of the hearing), less the amount of wages for the period of delay in the holding of the disciplinary hearing which is attributable to petitioner (the hearing was originally scheduled for October 12), less the amount of any earnings received by petitioner during that period from other sources, we note that the record clearly indicates that the determination to terminate petitioner's services was made on January 21, 1977 and not on November 10, 1976. Pursuant to subdivision 3 of section 75 of the Civil Service Law, petitioner is entitled to receive back pay until the date on which his services are terminated. We find no authority for respondent's limitation of petitioner's rights under the statute to the receiving of back wages only until the date of the hearing. (See *Matter of Coping v New York City Tr. Auth.,* 57 AD2d 621; *Matter of Maurer v Cappelli,* 42 AD2d 758.) Latham, J. P., Cohalan, Damiani and O'Connor, JJ., concur.