■ In the Matter of the Arbitration between the CITY OF COHOES, Appellant, and COHOES POLICE BENEVOLENT AND PROTECTIVE ASSOCIATION et al., Respondents. (Proceedings Nos. 1, 2 and 3.)—Appeal (1) from an order of the Supreme Court at Special Term, entered December 16, 1977 in Albany County, which, *inter alia,* directed the appellant to continue to pay the individual respondents until the charges against them were finally determined, and (2) from a judgment of said court, entered January 6, 1978, which, *inter alia,* denied appellants' application for a consolidation of the three arbitration proceedings. On November 2, 1977, disciplinary charges were brought against the three individual respondents, all police officers of the City of Cohoes. Following commencement of a special proceeding, the city consented to an order and judgment granting the officers the right to proceed pursuant to a procedure contained in the collective bargaining agreement which provided for arbitration if a satisfactory settlement between the parties could not be reached. The city petitioned for consolidation of the three arbitration proceedings involving the officers. The officers, in their answer, opposed the consolidation and counterclaimed for an order directing the city to continue to pay their salaries until the final determination of the charges against them. It is to be noted that of the five separate incidents upon which the disciplinary proceedings are based, only one of the incidents involved all three officers, two of the incidents involved two of the officers and the remaining two incidents each involved one officer. On December 16, 1977, the requested counterclaim was granted and on January 6, 1978 the application for consolidation was denied. This appeal ensued. Appellant city contends that Special Term abused its discretion in denying consolidation. The threshold requirement for consolidation is a plain identity between the issues involved in the controversies *(Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia]*, 26 NY2d 157, 161). In the present case the issue in each arbitration proceeding concerns whether or not the

individual officer is guilty of misconduct. Thus, there is no identity of issue. Nor is there a need for consistent determinations. Consequently, we are of the opinion that the denial of the application for consolidation was not an abuse of discretion and the judgment, therefore, should not be disturbed (see *County of Sullivan v Edward L. Nezelek, Inc.,* 42 NY2d 123). It is also urged by appellant that Special Term improperly ordered the continuation of the payment of the officers' salaries until final determination of the charges against them. We agree. The collective bargaining agreement in question provides that if the disciplinary proceedings have not been concluded within eight weeks from the date of the original service of charges, the city may proceed with regard to suspension pending hearing and determination in the manner provided by section 75 of the Civil Service Law. Subdivision 3 of said section 75 authorizes the suspension of an officer without pay for a period not exceeding 30 days pending the hearing and determination of charges. Thus, the city was empowered, after the eight-week period, to suspend the officers without pay for a period not exceeding 30 days. Since the respondents have not been shown, in our view, to be responsible for the delay in these proceedings, the maximum period of their suspension without pay is 30 days *(Cassidy v Police Dept., County of Nassau,* 54 AD2d 682). The order must, therefore, be modified to the extent of allowing the suspension of each officer without pay for a period not exceeding 30 days unless pay for such a period has already been withheld. Order modified, on the law and the facts, so as to allow the appellant to impose on each officer a suspension without pay for a period not exceeding 30 days provided that such action has not already been taken, and, as so modified, affirmed, without costs. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.