■ In the Matter of SAMUEL FUSCO, Appellant, v JAMES GRIFFIN, as Mayor of the City of Buffalo, et al., Respondents.—Judgment unanimously reversed, with costs, and petition granted. Memorandum: This is an appeal from a judgment of Special Term dismissing a petition seeking placement of appellant's name on the payroll of the City of Buffalo and payment of appellant's accrued salary from November 1, 1977 (the date petitioner's name was removed from the payroll). The question before us concerns whether appellant may be considered to have waived his right to back pay because of his alleged responsibility for the delay in holding a hearing on the second set of charges lodged against him by respondents. These charges arise out of appellant's refusal to submit to questioning concerning the original charges against him. Subdivision 3 of section 75 of the Civil Service Law provides that an employee may be suspended without pay for a period not exceeding 30 days. If a delay in proceeding beyond the 30-day limit is occasioned by the conduct of the suspended employee he may properly be considered to have waived any claim to back pay (Gerber v New York City Housing Auth., 42 NY2d 162; Matter of Amkraut v Hults, 21 AD2d 260, 263, affd 15 NY2d 627). This principle, however, is "circumscribed in nature and should be limited to circumstances of gravity * * * In the ordinary situation there should be no burden upon a suspended employee to press for a hearing" (Gerber v New York City Housing Auth., supra, p 166). Thus, where both parties are equally responsible for the delay, the burden of going forward rests on the department. Here, the record indicates that the delay was a result of the failure of both parties to press forward with the selection of a hearing officer. The appellant did not engage in conduct calculated to frustrate the administrative process and was no more responsible for the delay than was the city. Under the circumstances, it cannot be said that appellant's conduct was such as to constitute a waiver of his claim to back pay. There is no merit to respondents' argument that appellant forfeited his right to pay because of his continued refusal to appear for questioning with respect to the original charges placed against him on July 18, 1977 arising out of the incident for which he was suspended. We do not question the right of the commissioner to order his subordinate officer to answer questions concerning matters pertinent to his duties and to suspend or bring charges against the officer for refusal to do so. Such a right, however, has no bearing on the procedural question of whether the city has a right to preliminary questioning of appellant prior to a hearing. Respondents have cited no authority for the proposition and we have found none. Clearly, preliminary questioning of appellant is not necessary, and there is nothing to prevent respondents from proceeding with the hearing without such questioning. Therefore appellant's refusal to submit to preliminary questioning does not amount to conduct intended to obstruct the proceeding such as would constitute a waiver of his right to a salary. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Witmer, JJ.