Sam **HILF**, Plaintiff,

v.

**NEW YORK CITY HOUSING AUTHORITY**, Defendant.

**No. 82 Civ. 7969 (RWS)**

United States District Court,
S.D. New York.

Jan. 6, 1983.

Rabinowitz, Boudin, Standard, Krinsky & Lieberman, New York City, for plaintiff; Jules Lobel, New York City, of counsel.

Bradley Smith, New York City, for plaintiff Civil Service Technical Guild.

Aaron Kohn, Acting Gen. Counsel, New York City, for defendant; A. Joaquin Yordan, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Sam Hilf ("Hilf"), employed by defendant New York City Housing Authority (the "Authority") as Assistant Architect, brought this action pursuant to 42 U.S.C. § 1983 seeking monetary and injunctive relief. Hilf has moved for a preliminary injunction pursuant to Rule 65 Fed.R.Civ.P. enjoining the Authority from continuing his suspension without pay for more than thirty days. On December 3, 1982 a hearing on the preliminary injunction was held. For the reasons set forth below, the motion is granted.

Hilf was originally suspended on August 4, 1982. In a related case, *Hilf v. New York City Housing Authority,* 550 F.Supp. 1000 (S.D.N.Y.1982), this court found that at the time of the suspension, the Authority had not yet decided whether to initiate disability proceedings under section 72 of the N.Y. Civ.Serv.Law (McKinney 1973)[1] or disciplinary proceedings pursuant to section 75 of the N.Y.Civ.Serv.Law (McKinney 1973).[2]

1. Section 72 provides as follows:

§ 72 LEAVE FOR ORDINARY DISABILITY

1. When in the judgment of an appointing authority an employee is unable to perform the duties of his position by reason of a disability, other than a disability resulting from occupational injury or disease as defined in the workmen's compensation law, the appointing authority may require such employee to undergo a medical examination to be conducted by a medical officer selected by the civil service department or municipal commission having jurisdiction. If upon such medical examination, such medical officer shall certify that such employee is not mentally fit to perform the duties of his position, the appointing authority may place such employee on leave of absence. An employee placed on leave of absence pursuant to this section shall be given a written statement of the reasons therefor. An employee on such leave of absence shall be entitled to draw all accumulated, unused sick leave, vacation, overtime and other time allowances standing to his credit.

2. An employee placed on leave pursuant to subdivision one of this section may, within one year after the date of commencement of such leave of absence, or thereafter at any time until his employment status is terminated, make application to the civil service department or municipal commission having jurisdiction over the position from which such employee is on leave, for a medical examination by a medical officer selected for that purpose by such department or commission. If, upon such medical examination, such medical officer shall certify that such employee is mentally fit to perform the duties of his position, he shall be reinstated to his position.

3. An employee who is certified as not mentally fit to perform the duties of his position and who is placed on leave of absence pursuant to subdivision one of this section, or who is denied reinstatement after examination pursuant to subdivision two of this section, may appeal from such determination to the state or municipal civil service commission having jurisdiction over his position. Such commission may conduct such inquiry as it deems necessary or desirable, and shall provide for a medical examination of such employee, which shall be conducted by a medical officer designated by the commission who shall not be the same medical officer who examined the appellant under subdivision one or two in connection with the determination under appeal. If the commission finds that the determination appealed from is arbitrary or unreasonable, it shall direct the reinstatement of such employee.

4. If an employee placed on leave pursuant to this section is not reinstated within one year after the date of commencement of such leave, his employment status may be terminated in accordance with the provisions of section seventy-three of this article.

2. Section 75 provides as follows:

§ 75. REMOVAL AND OTHER DISCIPLINARY ACTION

1. Removal and other disciplinary action. A person described in paragraph (a), or paragraph (b), or paragraph (c), or paragraph (d) of this subdivision shall be removed or otherwise subjected to any disciplinary penalty

Because the Authority had not complied with the requirements of either section, the court held that Hilf was entitled to back pay and restoration to the payroll. Familiarity with the decision dated October 13, 1982 is assumed.

Because the Authority did not implement this court's order, Hilf filed a motion for

·provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section.

(a) A person holding a position by permanent appointment in the competitive class of the certified civil service, or

(b) a person holding a position by permanent appointment or employment in the classified service of the state or in the several cities, counties, towns or villages thereof, or in any other political or civil division of the state or of a municipality, or in the public school service, or in any public or special district, or in the service of any authority, commission or board, or in any other branch of public service, who is an honorable discharged member of the armed forces of the United States having served therein as such member in time of war as defined in section eighty-five of this chapter, or who is an exempt volunteer fireman as defined in the general municipal law, except when a person described in this paragraph holds the position of private secretary, cashier or deputy of any official or department or

(c) an employee in the state service holding a position in the non-competitive class other than a position designated in the rules of the state civil service commission as confidential or requiring the performance of functions influencing policy, who since his last entry into state service has completed at least five years of continuous service in the non-competitive class in a position or positions not so designated in the rules as confidential or requiring the performance of functions influencing policy, or

(d) an employee in the service of the City of New York holding a position as Homemaker or Home Aide in the non-competitive class, who since his last entry into city service has completed at least three years of continuous service in such position in the non-competitive class.

2. Procedure. A person against whom removal or other disciplinary action is proposed shall have written notice thereof and of the reasons therefor, shall be furnished a copy of the charges preferred against him and shall be allowed at least eight days for answering the same in writing. The hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose. In case a deputy or other person is so designated, he shall, for the purpose of such hearing, be vested with all the powers of such officer or body and shall make a record of such hearing which shall, with his recommendations, be referred to such officer or body for review and decision. The person or persons holding such hearing shall, upon the request of the person against whom charges are preferred, permit him to be represented by counsel, or by a representative of a recognized or certified employee organization, and shall allow him to summon witnesses in his behalf. The burden of proving incompetency or misconduct shall be upon the person alleging the same. Compliance with technical rules of evidence shall not be required.

3. Suspension pending determination of charges; penalties. Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days. If such officer or employee is found guilty of the charges, the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service; provided, however, that the time during which an officer or employee is suspended without pay may be considered as part of the penalty. If he is acquitted, he shall be restored to his position with full pay for the period of suspension less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such period. If such officer or employee is found guilty, a copy of the charges, his written answer thereto, a transcript of the hearing, and the determination shall be filed in the office of the department or agency in which he has been employed, and a copy thereof shall be filed with the civil service commission having jurisdiction over such position. A copy of the transcript of the hearing shall, upon request of the officer or employee affected, be furnished to him without charge.

4. Notwithstanding any other provision of law, no removal or disciplinary proceeding shall be commenced more than three years after the occurrence of the alleged incompetency or misconduct complained of and described in the charges provided, however, that such limitation shall not apply where the incompetency or misconduct complained of and described in the charge would, if provided in a court of appropriate jurisdiction, constitute a crime.

contempt which was heard on October 27, 1982. By that time the Authority had decided to act pursuant to section 75 and had served Hilf with the requisite written charges on October 15. On October 27, the court denied the contempt motion on the condition that by October 29 the Authority pay Hilf his monthly salary from August 4 through October 15. The Authority complied.

As indicated above, the charges were served on Hilf on October 15, and as such, that date is treated as the suspension date for section 75 purposes. Hilf's disciplinary hearing, held during the past two months, ended on or about December 22.

Preliminary injunctive relief calls for a showing of irreparable harm and either likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardship tipping decidedly toward the party requesting the preliminary relief. *Jack Kahn Music v. Baldwin Piano & Organ*, 604 F.2d 755 (2d Cir.1979). I find that Hilf has met this standard.

Hilf argues that he should have been restored to the payroll on November 15 pursuant to section 75 and that he has been illegally suspended without pay. Hilf is likely to succeed on the merits of his case. Section 75(3) reads as follows:

Suspension pending determination of charges; penalties. Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days.

Section 75(3) has consistently been interpreted to allow employees suspended for a period longer than thirty days to recover wages from the thirty-first day until final determination of the charges against him, even if he is not reinstated. *Lewis v. New York City Transit Authority*, 79 Civ. 139 (E.D.N.Y.1979); *see City of Cohoes v. Cohoes Police Benev. and Protective Ass'n*, 63 A.D.2d 793, 404 N.Y.S.2d 763 (3d Dep't 1978); *Burrison v. New York City Transit*

*Authority*, 60 A.D.2d 651, 400 N.Y.S.2d 364 (2d Dep't 1977); *Gerber v. New York City Housing Authority*, 42 N.Y.2d 162, 397 N.Y.S.2d 608, 366 N.E.2d 268 (1977); *Maurer v. Cappelli*, 42 A.D.2d 758, 346 N.Y.S.2d 154 (2d Dep't 1973); *Amkraut v. Hults*, 21 A.D.2d 260, 250 N.Y.S.2d 171 (1st Dep't), *aff'd*, 15 N.Y.2d 627, 255 N.Y.S.2d 672, 203 N.E.2d 923 (1964). Further, this right to recover wages continues until the final determination of the charges and imposition of penalty, if any, and not merely until the disciplinary hearing commences. *Lewis, supra; Mason v. Perrotta*, 41 A.D.2d 916, 343 N.Y.S.2d 748 (1st Dep't 1973).

The only exception to entitlement under section 75(3) is where the employee himself is responsible for a delay in the disciplinary proceedings and has engaged in dilatory tactics. Such an employee cannot be heard to complain of a loss in wages and may be considered to have abandoned his claim for pay during suspension. *Lewis, supra; Gerber, supra*. This exception does not require that the employee press for an expeditious hearing but should only apply where the employer shows that the employee has unreasonably delayed for the purpose of increasing the award or frustrating the administrative process. *Lewis, supra; see Fusco v. Griffin*, 67 A.D.2d 827, 413 N.Y.S.2d 75 (4th Dep't 1979); *Yeampierre v. Gutman*, 57 A.D. 898, 394 N.Y.S.2d 450 (2d Dep't 1977). The exception is "circumscribed in nature and should be limited to circumstances of gravity." *Gerber*, 42 N.Y.2d at 166, 397 N.Y.S.2d at 610, 366 N.E.2d at 271. The exception has been applied in cases involving an attempt by an employee to postpone disciplinary proceedings until the disposition of parallel criminal charges, *Shales v. City of Rochester*, 91 Misc.2d 195, 397 N.Y.S.2d 566 (Sup.Ct., Monroe County 1977), and an attempt by an employee to evade personal service, *Gerber, supra*.

The Authority argues that Hilf falls within this exception, asserting that the hearing, originally scheduled for October 26, was adjourned on several occasions by Hilf's counsel, Richard Rosenthal ("Rosen-

thal"). At the evidentiary hearing held by this court on December 3, Rosenthal's testimony presented a credible version of the events in question. The Authority did not put on any witnesses at the hearing.

It is unnecessary to determine which version of the facts is correct because neither makes out the type of intentional delay required by the authorities cited above. Hilf did not engage in dilatory tactics; the alleged delays were of the kind that inhere in the legal process. The Authority has not demonstrated that Hilf deliberately attempted to impede resolution of his case, nor has there been evidence that the delay was unreasonable and calculated to increase the award or frustrate the administrative process. Thus the exception is inapplicable.

Hilf has been without income for close to three months, a period longer than the plaintiff in *Lewis, supra,* a case in which the Honorable Eugene H. Nickerson found irreparable harm. Judge Nickerson stated:

> Plaintiff Lewis has however suffered irreparable harm by his lengthy suspension without pay. The purpose of § 75(3) was to protect the employee from having his income totally cut off pending resolution of the charge against him and to encourage the employer to proceed expeditiously. A suspended employee will often be reluctant to seek other employment, particularly if he has some form of tenure or pension rights.

Further, as Judge Nickerson pointed out, if the charges against Hilf are sustained, section 75(3) allows the imposition of a fine, additional suspension without pay, or removal, and restoration to the payroll does not burden the Authority so as to outweigh the harm incurred by Hilf.

For the foregoing reasons injunctive relief is appropriate. The Authority is enjoined from continuing to withhold Hilf's wages pending final determination of the charges as required by section 75. The Authority is further ordered to award Hilf accrued backpay from the thirty-first day of his suspension until the present. Pursuant to Rule 65(c) Fed.R.Civ.P., the preliminary injunction is conditioned on the post-

ing of security by Hilf in the amount of $500.00, no submissions on the issue having been made by either party. Leave is granted to make further application with respect to the amount of the bond within ten (10) days of the filing of this opinion.

IT IS SO ORDERED.