Jerome A. Mirabito, Esq. City Attorney, Fulton
You have asked whether a recreation commission of a city may include in its rules of procedure for conduct of business a provision for termination of membership on the commission for failure to attend a certain number of meetings.
Your city has established a recreation commission under Article 13 of the General Municipal Law. Under Article 13, a local government may establish a recreation commission and vest it with authority to establish and maintain playgrounds and neighborhood recreation centers (General Municipal Law, §§ 242, 243). A recreation commission consists of at least five and not more than seven members and the procedure for appointment is established by law (id., § 243[2]). There is no provision in Article 13 governing attendance at meetings but a recreation commission is empowered to adopt rules of procedure for the conduct of its business (id., § 244). The question you have raised is whether this provision authorizes a rule calling for the termination of membership of anyone failing to attend a specified number of meetings of the commission.
Since recreation commissions are authorized to make decisions concerning the establishment and maintenance of playgrounds and recreation facilities, it would appear that their members are public officers. In a previous opinion of this office, we defined the characteristics of a public office as distinguished from employment:
 "The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power, while those of a public employee do not (ibid.; Matter of Haller v Carlson, 42 A.D.2d 829
[4th Dept, 1973]). The statutory designation of a position as an `office' is some indication that the legislative body intended to treat its occupant as a public officer (cf. Matter of MacDonald v Ordway, 219 N.Y. 328, 332 [1916]; Matter of Haller v Carlson, supra, p 830). Other indicia of a public office are the requirement to take an oath of office or file bonds; appointment for a definite term, and receipt of a commission of office or official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933])." (Op Atty Gen No. 83-F4.)
Thus, while there are several indicia of status as a public officer, one cannot qualify as a public officer without the authority to exercise a portion of the sovereign powers of government (ibid.; Matter of Haller vCarlson, 42 A.D.2d 829 [4th Dept, 1973]). Because the recreation commission makes decisions concerning playgrounds and recreation facilities, it would appear, under the above definition, that its members are public officers.
In our view, the authority granted to a recreation commission to adopt rules of procedure for the conduct of its business does not include the authority to provide for removal of a member missing a specified number of meetings. Instead, this provision appears to authorize rules governing the means and methods by which the business of a commission is conducted. In our opinion, members of the commission may only be removed in accordance with the provisions of law governing public officers.
Under section 30 of the Public Officers Law, a public officer is removed by operation of law upon ceasing to meet the residency requirements for the office, conviction of a felony or a crime involving a violation of his oath of office or upon refusal or neglect to file an oath of office or an undertaking. Further, we note that under section36 of the Public Officers Law, a town or village officer may be removed, by application to the Appellate Division, for misconduct, maladministration, malfeasance, or malversion in office. This provision, however, does not cover city officers.
In our view, the governing body of a city may enact a local law establishing reasonable attendance requirements for appointed officers of the city. The authority for such a regulation is derived from the power of local governments to adopt and amend local laws, consistent with the Constitution and general State laws, in relation to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, and welfare and safety of their officers and employees (Municipal Home Rule Law, § 10[1][ii][a][1]). In our view, a local law authorizing removal of an appointed city officer for failure to perform his duties on account of chronic absence would fall within this authorization.
We note also that there appears to be some authority for a doctrine of abandonment, whereby an office becomes vacant upon the refusal or neglect of the officeholder to perform the duties of the office. (See, Matter ofDawson v Knox, 231 App. Div. 490, concurring opinion p 494 [3d Dept, 1931]; Gerber v New York City Housing Authority, 42 N.Y.2d 162, dissenting opinion p 169 [1977].)
We conclude that a recreation commission may not include in its rules of procedure a provision for removal of a member upon his failure to attend a specified number of meetings.