Carl E. Mooradian, Esq. Corporation Counsel, Niagara Falls
You have asked whether there is inherent power for the appointing authority to remove a member of your city's board of appeals for cause.
You have explained that members of the board of appeals are appointed by the city council for three year terms and that no provision is made in the charter for removal.
It is apparent that members of the board of appeals are public officers in that, for example, typically they make decisions on applications for variances, special permits and determine appeals of decisions of other officers relating to land use planning. In a previous opinion of this office, we defined the characteristics of a public office:
 "The distinction between a public office and public employment is not always clear (Matter of Dawson v Knox, 231 App. Div. 490, 492 [3d Dept, 1931]). The duties of a public official involve some exercise of sovereign power, while those of a public employee do not (ibid.; Matter of Haller v Carlson, 42 A.D.2d 829
[4th Dept, 1973]). The statutory designation of a position as an `office' is some indication that the legislative body intended to treat its occupant as a public officer (cf. Matter of MacDonald v Ordway, 219 N.Y. 328, 332 [1916]; Matter of Haller v Carlson, supra, p 830). Other indicia of a public office are the requirement to take an oath of office or file bonds; appointment for a definite term, and receipt of a commission of office or official seal (Macrum v Hawkins, 261 N.Y. 193, 200-201 [1933])" (1983 Op Atty Gen 16). Thus, while there are several indicators of status as a public officer, the one essential component is the authority to exercise a portion of the sovereign powers of government. It seems clear that the members of the board of appeals, in light of their powers in the land use planning area, are public officers.
In the absence of a provision in the city charter governing removal, it is necessary to review State law to determine authority for removal of a public officer. Under section 30 of the Public Officers Law, a public officer is removed by operation of law upon ceasing to meet the residency requirements for the office, conviction of a felony or a crime involving a violation of his oath of office or upon refusal or neglect to file an oath or an undertaking. Also, we note that under section36 of the Public Officers Law a town, village improvement district or fire district officer may be removed by application to the Appellate Division for misconduct, maladministration, malfeasance or malversion in office. This provision, however, does not cover city officers.
We note that there is some common law authority for a doctrine of abandonment, whereby an office becomes vacant upon refusal or neglect of the office holder to perform the duties of the office (see Matter ofDawson v Knox, 231 App. Div. 490, concurring opn, p 494 [3d Dept, 1931];Gerber v New York City Housing Authority, 42 N.Y.2d 162, dissenting opn, p 169 [1977]).
While State law provides no authority for removal of a city officer for cause, in our view a city may enact a local law to provide for removal of appointive city officers. Local governments, including cities, are authorized to adopt and amend local laws consistent with the Constitution and general State laws in relation to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection and welfare and safety of their officers and employees (Municipal Home Rule Law, § 10[1][ii][a][1]). In our view, the establishment of a procedure for removal of appointive city officers for cause falls within this grant of authority.
We conclude that while State law includes no authorization for removal of appointive city officers for cause, a city by local law may establish a procedure for removal of these officers.