■ In the Matter of DONALD F. THOMAS, Petitioner, v CITY OF SCHENECTADY et al., Respondents.—Casey, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Schenectady County) to review a determination of respondent Mayor of the City of Schenectady which dismissed petitioner from his position of firefighter with respondent City of Schenectady.

Following a hearing on charges of misconduct pursuant to Civil Service Law § 75, petitioner was found guilty of a number of charges and he was dismissed from his position as a firefighter with respondent City of Schenectady. Petitioner first contends that the Hearing Officer's conduct deprived petitioner of a fair hearing. At the time of the hearing, petitioner was enrolled in an in-patient alcohol treatment program and he did not attend the hearing. The record contains no evidence that petitioner was unable to attend the hearing due to the constraint of the treatment program. Nor is there any indication that petitioner sought an adjournment of the hearing so that he could attend. As rebuttal evidence, petitioner's union representative testified as to certain conversations he had with petitioner and various statements made by petitioner. Respondents objected and the Hearing Officer, noting that the testimony was hearsay, expressed his concern that respondents would have no opportunity to cross-examine petitioner concerning his statements. The testimony was admitted for the most part, with the Hearing Officer noting his skepticism as to the probative value of the hearsay statements. Petitioner claims that he was deprived of the opportunity to present a viable defense and that the Hearing Officer drew improper inferences from petitioner's failure to appear at the hearing. We find no impropriety in the Hearing Officer's conduct.

Petitioner also contends that the Hearing Officer erred in failing to dismiss all charges based upon misconduct which occurred prior to January 22, 1988, the date when petitioner was placed upon an involuntary leave of absence. Asserting a double jeopardy and/or election of remedies theory, petitioner contends that since respondents placed petitioner on an involuntary leave of absence pursuant to Civil Service Law § 72 due to the misconduct, respondents are precluded from using that misconduct as a basis for charges under Civil Service Law § 75. In effect, petitioner claims that the provisions of Civil Service Law §§ 72 and 75 are mutually exclusive, but we find no support for this claim. On the contrary, it is readily apparent that the statutes serve separate and distinct purposes. Petitioner was placed upon a mental disability leave so that he could seek treatment for his alcoholism, not as a disciplinary measure. We also find petitioner's remaining procedural claims unpersuasive.

Turning to the substantial evidence question, petitioner was found guilty of seven charges of misconduct and conduct unbecoming a firefighter based upon his violation of a number

of rules and regulations of the Schenectady Fire Department. Much of the evidence in the record is undisputed and there is ample support for the finding of guilt on all charges. The bulk of petitioner's argument on this issue is directed at his claim of selective enforcement or unequal treatment. There is proof, and respondents concede, that with respect to some of the rules and regulations violated by petitioner, other employees have not been disciplined or have received lenient treatment for violations. According to petitioner, respondents are thereby precluded from seeking stricter enforcement with respect to petitioner. We note that petitioner's evidence relates only to a few of the rules and regulations violated by petitioner, and there is no evidence that any employee with the pattern of misbehavior exhibited by petitioner received more lenient treatment. Assuming that respondents could be estopped by past practices from seeking to discipline firefighters who violate departmental rules and regulations, there is no basis in the record for such a result.

As a corollary to the foregoing argument, petitioner claims that he cannot be disciplined for refusing to abide by certain conditions imposed upon his return to employment after the January 1988 involuntary leave of absence. During this leave, petitioner participated in an in-patient alcohol treatment program at Conifer Park. When he was medically cleared to return to work, the Fire Chief conditioned petitioner's return upon his participation in the continuing treatment program formulated by Conifer Park. He was told that his failure to do so could result in charges of misconduct. Upon learning that petitioner was not attending the meetings which were a part of the continuing treatment program, the Fire Chief directed petitioner to enter an accelerated program. Although respondents conceded that firefighters were routinely allowed to return to work from involuntary leave status upon appropriate medical clearance without any conditions, there is no evidence that any firefighter with petitioner's condition—alcoholism in need of continuing treatment—was allowed to return to work unconditionally. The conditions imposed upon petitioner were reasonable and had a rational basis supported by the record. We conclude that the imposition of such conditions fell within the Fire Chief's authority and responsibility to supervise the firefighters.

Based upon our examination of the record, we are of the view that petitioner was given ample opportunity and encouragement to seek treatment for his alcoholism which was interfering with his ability to perform his duties as a fire-

fighter. Nevertheless, petitioner continued to exhibit erratic and insubordinate behavior while on duty, as well as irresponsible and/or criminal behavior while off duty. We reject petitioner's claims that he was treated unfairly and that he was discriminated against. He was disciplined as a result of his misconduct, not because he is an alcoholic. We also reject petitioner's claim that the penalty of dismissal is harsh and excessive.

Petitioner is, however, entitled to back pay for the period of his suspension that exceeds 30 days *(see, Gerber v New York City Hous. Auth.,* 42 NY2d 162), less 12 days' pay which he waived and any outside earnings *(see, Matter of Mason v Perrotta,* 41 AD2d 916).

Determination modified, without costs, by remitting the matter to respondents for computation of the back pay owed to petitioner in accordance with this court's decision, and, as so modified, confirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.