Requestor: Michael J. Mazzullo, Esq., Legal Counsel Town of Chili 100 Panzarella Professional Bldg. 1411 Chili Avenue Rochester, N.Y. 14624
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked several questions concerning the powers of a deputy supervisor. A town board may at any time establish the office of deputy supervisor. Town Law § 42. The deputy supervisor is appointed by the supervisor and serves at his pleasure. First, you ask under what circumstances can a deputy supervisor discharge the management functions of the supervisor, such as the signing of checks. You inquire whether the supervisor must be incapacitated or on vacation or whether the deputy can act if the supervisor is unavailable for the day.
Section 42 of the Town Law provides as follows:
 "During the absence or inability to act of the supervisor, or while the office of supervisor is vacant, the deputy supervisor shall preside, when present, at the meetings of the town board and shall be vested with all of the powers and may perform all of the duties of the supervisor under this chapter or any other law, except that he shall have no vote in his capacity as deputy supervisor on matters coming before the town board and he shall not serve as a member of the county board of supervisors."
Under this provision, any time the supervisor is absent or unable to act, the deputy supervisor may perform the supervisor's powers and duties. Obviously, the definition of "absence" must be reasonable. Clearly, not every momentary unavailability of the supervisor will constitute an absence within this provision. In our view, the supervisor can establish reasonable rules to guide his deputy under these circumstances.
Second, you ask how long a deputy supervisor can discharge the duties of supervisor should the supervisor become medically incapacitated. Further, you ask whether the supervisor can be removed under these circumstances. Clearly, under section 42 the medical incapacity of the supervisor constitutes an absence or an inability of the supervisor to act, enabling the deputy to step in. Section 36 of the Public Officers Law establishes a procedure for removal of town officers. We note also that there is some common law authority for a doctrine of abandonment, whereby an office becomes vacant upon refusal or neglect of the office holder to perform the duties of the office. See, Matter ofDawson v Knox, 231 A.D. 490, concurring opn, p 494 (3d Dept 1931); Gerberv New York City Housing Authority, 42 N.Y.2d 162, dissenting opn, p 169 (1977); 1989 Op Atty Gen (Inf) 64. Under section 42, the deputy supervisor performs the duties of supervisor "while the office of supervisor is vacant." The responsibility of the town board to fill the vacancy is set forth in section 64(5) of the Town Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.