■ In the Matter of THOMAS J. DiMATTINA, Respondent, v TOWN OF HUNTINGTON et al., Appellants. [650 NYS2d 744] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondents to restore the petitioner Thomas DiMattina to his full salary, benefits, and privileges pending a hearing and determination of disciplinary charges against him, the respondents appeal from (1) a decision of the Supreme Court, Suffolk County (Rohl, J.), dated September 6, 1995, which found, *inter alia,* that the petitioner was entitled to be paid his salary for the period beginning thirty days after the commencement of his suspension until the final determination of the charges against him, and (2) a judgment of the same court entered October 6, 1995, which, *inter alia,* granted the petition.

Ordered that the appeal from the decision dated September 6, 1995 is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner demonstrated that he was entitled to the reinstatement of his salary and benefits for that period of his suspension which extended beyond the 30-day period permitted under Civil Service Law § 75 (3) (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16; *see also, Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 96). The Town does not dispute that the petitioner's suspension without pay extended beyond the permissible 30-day period. Nevertheless, the Town claims that the extended suspension without pay was appropriate since the delay in bringing the matter to hearing was attributable to the petitioner's bad-faith conduct. However, the record does not support that conclusion.

Shortly after the date for the hearing was unilaterally set by the arbitrator, the petitioner's counsel was informed that a criminal trial on an unrelated matter would commence on the

date of the hearing. Counsel immediately informed all parties that he was "actually engaged" and requested a single adjournment, which the arbitrator granted. If a delay is caused by the "conduct of the accused he cannot justly be heard to complain nor be allowed a recompense for the period involved" (*Matter of Amkraut v Hults*, 21 AD2d 260, 263, *affd* 15 NY2d 627; *see, Gerber v New York City Hous. Auth.*, 42 NY2d 162). However, delays occasioned by counsel's actual engagement at trial are not of such nature as to be attributable to the conduct of the accused (*see, Matter of Yeampierre v Gutman*, 57 AD2d 898, 899; *see also, Hilf v New York City Hous. Auth.*, 563 F Supp 936, 940 [SD NY] [actual engagement at trial is a delay of the kind that inheres in the legal process]). There is no evidence in the record that counsel's single request for an adjournment was a dilatory tactic. Therefore, the court properly granted the petition and reinstated the petitioner's salary. Mangano, P. J., Bracken, Thompson and McGinity, JJ., concur.